Kevin W. LAYMAN *v.* James Larry BONE

97-948                                              967 S.W.2d 561

Supreme Court of Arkansas
Opinion delivered May 7, 1998

*Gilker & Jones, P.A.*, by: *N. Donald Jenkins*, for appellant.

*Hardin, Dawson & Terry*, by: *Rex M. Terry*, for appellee.

DAVID NEWBERN, Justice. This is a default-judgment case arising from an action to recover on a promissory note. The payee, appellee James Larry Bone, sued one of the makers, appellant Kevin W. Layman, for payment. Mr. Layman's answer was filed more than twenty days from the date he was served, and thus it was untimely and not in compliance with Ark. R. Civ. P. 12(a). The Trial Court declined to enlarge the time to file the answer and entered the default judgment in favor of Mr. Bone, stating that there was no "mistake, inadvertence, surprise, or excusable neglect or other just cause" for the failure to make a timely answer. We hold there was no abuse of discretion and affirm the judgment.

The operative language of the promissory note was as follows:

> WE PROMISE TO PAY TO THE ORDER OF JAMES LARRY BONE OR HIS ASSIGNS THE SUM OF FIVE HUNDRED SEVENTY ONE THOUSAND, FIVE HUNDRED SIXTY ONE AND 08\100 ($571,561.08) FOR VALUE RECEIVED, NEGOTIABLE AND PAYABLE AT 310 LEXINGTON AVE., FT. SMITH, ARKANSAS (OR WHEREVER HEREAFTER DIRECTED), WITHOUT DEFALCATION OR DISCOUNT, WITH INTEREST FROM THE DATE ABOVE UNTIL PAID IN FULL AT THE RATE OF SIX (6%) PERCENT PER ANNUM. IN THE EVENT THE INDEBTEDNESS HEREBY BE NOT PAID ON MATURITY ACCORDING TO THE TERMS HEREOF, AND COLLECTION HEREOF IS EFFECTED BY SUIT OR OTHERWISE, OR SAID INDEBTEDNESS IS REDUCED

TO JUDGMENT, THROUGH SERVICES OF AN ATTOR-
NEY, THEN MAKERS FURTHER AGREE TO INDEM-
NIFY AND REPAY THE HOLDER ANY ATTORNEY'S
FEES INCURRED AND PAID BY THE HOLDER NOT
EXCEEDING 10% OF THE PRINCIPAL DUE, PLUS
ACCRUED INTEREST.

PRESENTATION, NOTICE, PROTEST AND DEMAND IS
HEREBY WAIVED BY US.

THE ENTIRE PRINCIPAL TOGETHER WITH INTER-
EST IS DUE AND PAYABLE ON DEMAND BY THE
HOLDER. THIS NOTE IS SECURED BY THE ASSETS OF
INTERNET PARTNERS OF AMERICA, AND MAY BE
PREPAID AT ANY TIME WITHOUT PENALTY.

| | | |
|---|---|---|
| K. WAYNE KING | KEVIN W. LAYMAN | JAMES LARRY BONE |

Proper signatures appeared in each of the prepared blocks. Internet Partners of America ("IPA") was a limited-liability company established by Mr. Layman, Mr. King, and Mr. Bone to provide computer services to the public.

Mr. Bone alleged that Mr. Layman owed one third of the principal, or $190,520.36, plus interest and an attorney's fee. He served Mr. Layman with a summons and complaint on January 14, 1997. The answer was due to be filed on or before February 3, 1997.

Following his receipt of the complaint on January 14, Mr. Layman forwarded it to his attorney who, apparently at some point thereafter, asked Mr. Layman when he had been served. Mr. Layman, who had failed to note the precise date of service, incorrectly guessed that service had occurred on January 16, 1997. Relying on that erroneous information, the attorney noted on his calendar that the answer was due to be filed on or before February 5. He prepared the answer and, on February 3, mailed copies of it to the office of the Circuit Court Clerk and to Mr. Bone's counsel, who received it on February 4, 1997. The answer was filed on that date.

The answer admitted the validity of the note but seemed to suggest that IPA was the actual obligor and that Mr. Layman and the other two partners were merely "guarantors." It stated that Mr. Layman did not know whether any demand had been made on IPA or the other "guarantors."

Mr. Bone moved to strike Mr. Layman's answer as untimely and for default judgment in accordance with Ark. R. Civ. P. 55(a). Mr. Layman responded to the motion and moved to enlarge the time for filing his answer in accordance with Ark. R. Civ. P. 6(b)(2). He asserted that Mr. Bone had not been prejudiced by the delay in the filing of the admittedly late answer. Mr. Layman explained that the late filing was "due to the inadvertence and mistake of his attorney who did not ascertain from the Defendant the exact date that he was served."

At a hearing on the matter, Mr. Layman's attorney reiterated the statements made in his affidavit that was attached to Mr. Layman's response to the motion for default judgment. He emphasized that Mr. Bone had not been prejudiced and that he had not intentionally disregarded the twenty-day requirement but that his error was due to mistake or inadvertence.

The Trial Court granted the motion for default judgment. Remarks from the bench included the following: "It [the answer] was not filed within 20 days, and I don't believe the failure to do so was [the] result of mistake, inadvertence, surprise, or excusable neglect or other just cause, so it will be judgment for the plaintiff."

The order directed that Mr. Layman's untimely answer should be stricken and that Mr. Bone was entitled to judgment by default under Rule 55. Although the Trial Court did not expressly refer to Mr. Layman's request under Rule 6(b)(2) to enlarge the time for filing the answer, the language he used from the bench quoted that of Rule 6(b)(2), and thus he clearly made a ruling refusing to enlarge the time for answer. Mr. Layman did not, thereafter, file a motion under Ark. R. Civ. P. 55(c) to set aside the default judgment. The issues are, therefore, whether the time for filing the answer should have been enlarged under Rule

6(b)(2) and whether the default judgment was properly granted under Rule 55(a).

### 1. Rule 6(b)(2)

Presumably, any failure to file an answer on time could be referred to as a "mistake" in the sense that an error of some sort caused the failure to file on time. To hold, however, that any error whatsoever should excuse compliance with Rule 12(a) would deprive the trial courts of the discretion to which the rule refers. That is not the intent behind the rule.

In *B&F Eng'g Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992), two actions were brought against B&F Engineering, Inc., one by each of two separate plaintiffs. The first complaint was answered in a timely manner. The second was not, because an insurance company representative "mistakenly" thought it was filed in the action in which an answer had already been filed. As in the case now before us, there was a request to enlarge the time for answer pursuant to Rule 6(b)(2) and an appeal from the granting of the default judgment pursuant to Rule 55(a).

We upheld a default judgment on the claim in response to which the answer was filed late, and we commented that to do otherwise would allow defendants to give "slipshod treatment" to writs of summons. *Id.* at 178, 830 S.W.2d at 837. In this case, as in *B&F Eng'g v. Cotroneo, supra,* the actions of the defendant might be best characterized as "neglect" that was not "excusable" rather than "mistake." Counsel relied on his client's faulty recollection as to when he had been served instead of checking the record to ascertain that fact.

Rule 6(b)(2) was amended in 1990 to make it compatible with our move to "liberalize" Rule 55 and the standards for granting default judgments. It allows a trial court, "in its discretion," to enlarge the time for answering, even after the initial period for answering has passed. *See Edwards v. Szabo Food Serv., Inc.,* 317 Ark. 369, 373, 877 S.W.2d 932, 935 (1994)("This rule clearly recognizes that the trial court may act *after* the expiration of a specified period of time under the Rules of Civil Procedure."). The revision of the rule enlarged the discretion of the trial courts

to permit late answers, but it did not *require* them to permit such answers in any circumstance. We cannot say that the Trial Court in this instance abused his discretion.

## 2. Rule 55(a)

■ Although it is necessarily a closely related question, we must respond separately to the argument that, regardless of the decision with respect to enlargement of the time to answer, it was an abuse of discretion for the Trial Court to have awarded the default judgment pursuant to Rule 55(a). That is the basic default-judgment rule. It provides: "When a party against whom a judgment for affirmative relief is sought has failed to appear or otherwise defend as provided by these rules, judgment by default may be entered by the court." No criteria for considering the motion are provided in the rule.

■ The reporter's note under Rule 55(a) suggests we should consider "whether the court would later set aside the default judgment under Rule 55(c)." That is what we did in *B&F Eng'g, Inc. v. Cotroneo, supra*, citing federal-court cases in which opposition to a motion for default judgment was considered as a motion to set aside. We also referred to the standards provided in Rule 55(c), although there had been no motion to set aside the default judgment. In addition to terminology much the same as that found in Rule 6(b)(2), Rule 55(c) requires the party moving to set aside a default judgment to "demonstrate a meritorious defense," except in cases where the judgment is alleged to be void.

It has been suggested that it is improper to import the standards of Rule 55(c) into a decision whether a default judgment was properly granted pursuant to Rule 55(a). *See* John J. Watkins, *Revised Rule 55, Five Years Later*, 49 ARK. L. REV. 23, 38 (1996). The trial courts in the first instance, and we upon review, must, however, apply *some* standards to determine whether a motion should be granted pursuant to Rule 55(a), and we can think of no better ones than those stated in Rule 55(c), including the requirement that a meritorious defense be demonstrated.

■ Whether a meritorious defense has been "demonstrated" in this case might present an interesting issue, but we need not get to it because, again, we cannot say that there was an abuse of discretion in the ruling stating that there was no mistake, inadvertence, surprise, excusable neglect, or other just cause for the failure to comply with Rule 12(a).

The reporter's note following Rule 55(a) suggests also that, in applying that rule, we should look to the federal cases interpreting the parallel federal rule and consider factors such as lack of prejudice to the plaintiff, the defendant's preparedness to defend, and avoidance of "largely technical" default judgments. No doubt those are factors that may influence a trial court in the exercise of discretion to determine whether a mistake or inadvertence is of the sort that should not yield a default or whether a negligent act is excusable.

■ Rule 55(a) provides that the court "may" grant a default-judgment motion in the event of failure to answer or otherwise defend. Thus, we apply an "abuse of discretion" standard in reviewing the granting of a default judgment pursuant to Rule 55(a), just as we do in reviewing the trial court's ruling on a Rule 6(b)(2) motion to enlarge the time for answering. *Maple Leaf Canvas, Inc. v. Rogers*, 311 Ark. 171, 842 S.W.2d 22 (1992); *B&F Eng'g, Inc. v. Cotroneo, supra*. Again, in this instance an abuse of discretion has not been shown.

Affirmed.