## HELENA-WEST HELENA SCHOOL DISTRICT *v.*
## Rose MONDAY

04-1058                                        204 S.W.3d 514

Supreme Court of Arkansas
Opinion delivered March 3, 2005

*Laser Law Firm*, by: *Dan F. Bufford* and *Brian A. Brown*, for appellant.

*Don R. Etherly*, for appellee.

BETTY C. DICKEY, Justice. Rose Monday sued the Helena-West Helena School District (District) for slip-and-fall injuries sustained by her son, Elijah Monday. The District filed a motion for summary judgment, arguing that it has immunity except to the extent that it has applicable liability insurance. The trial court denied the motion for summary judgment, and the District appeals pursuant to Ark. R. App. P. – Civ. 2(a)(10).

On January 3, 2001, as Elijah attempted to exit the District school bus, he slipped on ice that had accumulated on the steps of the bus. He suffered injuries that "necessitated the constant appli-

cation of medications to relieve the pain," and has had to undergo "medical treatment by various medical providers and will require additional medical treatment into the unknown future."

Rose Monday filed a complaint in Phillips County Circuit Court on November 15, 2001, alleging negligence in failing to protect students from harmful conditions and in failing to warn students of dangerous conditions on its buses. The complaint alleged that the District "knew or should have known that the injuries suffered by Elijah Monday could occur or were about to occur." The District filed a motion for summary judgment, stating that it was immune from liability for a slip-and-fall negligence claim under Ark. Code Ann. § 21-9-301, which provides for only one exception: that a District is liable for its negligence to the extent that it has applicable liability insurance. The District attached an affidavit claiming that it has no general liability insurance policy that would apply to, or indemnify it for, any premises liability/slip-and-fall claim.

Monday filed a response on November 5, 2003, arguing that the District is required to have motor vehicle coverage pursuant to Ark. Code Ann. § 21-9-301 and Ark. Code Ann. § 27-19-713 (Repl. 2004), and that there were genuine issues of fact to be determined. The trial court heard arguments, and on July 29, 2004, it issued an order denying summary judgment.

■ ■ As a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable. *Ozarks Unlimited Resources Coop., Inc. v. Daniels,* 333 Ark. 214, 969 S.W.2d 169 (1998); *Nucor Holding Corp. v. Rinkines,* 326 Ark. 217, 931 S.W.2d 427 (1996). The general rule does not apply where the refusal to grant a summary-judgment motion has the effect of determining that the appellants are not entitled to immunity from suit, as the right of immunity from suit is effectively lost if a case is permitted to go to trial. *Id.; Robinson v. Beaumont,* 291 Ark. 477, 725 S.W.2d 839 (1987); see also Ark. R. App. P. – Civ. 2(a)(2), which provides that an appeal may be taken from an order that in effect determines the action and prevents a judgment from which the appeal might be taken. In *Robinson,* this court held that the refusal to grant the motion for summary judgment amounted to "a denial of appellants' claimed defense which would have, if allowed, discontinued the action. The qualified immunity claim is a claim of right which is separable from, and collateral to, rights asserted in the complaint. . . ." *Robinson,* 291 Ark. at 482-83.

A trial court may grant summary judgment only when it is clear that there are no genuine issues of material fact to be litigated, and that the party is entitled to judgment as a matter of law. *Harris v. City of Fort Smith*, 359 Ark. 355, 197 S.W.3d 461 (2004); *Craighead Elec. Coop. Corp. v. Craighead County*, 352 Ark. 76, 98 S.W.3d 414 (2003); *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002). Once the moving party has established a prima facie case showing entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id*. On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id*. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Harris, supra; Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998).

The District argues that the only question before this court is whether it is entitled to claim immunity from suit, which is purely a question of law. A question of law is reviewed on appeal using a *de novo* standard. *Cooper Realty Inv. v. Arkansas Contractors Licensing Board*, 355 Ark. 156, 134 S.W.2d 1 (2003); *Wal-Mart Stores, Inc. v. P.O. Market, Inc.*, 347 Ark. 651, 66 S.W.3d 620 (2002). School districts are generally immune from liability for torts, subject to an exception where insurance coverage applies. Ark. Code Ann. § 21-9-301 provides:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commission, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

> (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

The District points to *Matthews v. Martin*, 280 Ark. 345, 658 S.W.2d 374 (1983), where this court held that the impact of Act 165 of 1969 was to grant negligent tort immunity to all employees of the described political subdivisions. Because a political subdivi-

sion, such as a school district, can only act through its agents, the impact of *Matthews* was to reinforce the immunity granted by the statute. This court has, since *Matthews*, recognized immunity of school district employees, and of a district itself, in *Cousins v. Dennis*, 298 Ark. 310, 767 S.W.2d 296 (1989).

In *Bankston v. Pulaski County School District*, 281 Ark. 476, 665 S.W.2d 859 (1984), the Pulaski County School District was sued for negligence in the construction of a house, which was built as a part of a vocational education project. This court held that the district was not liable for negligence due to the operation of Ark. Code Ann. § 21-9-301. The immunity for negligent torts afforded to school districts and to school employees, however, is qualified, and an employee or a district can be sued to the extent that applicable coverage exists under a policy of insurance. *Carter v. Bush*, 296 Ark. 261, 753 S.W.2d 534 (1988).

In *Rudd v. Pulaski County Special School District*, 341 Ark. 794, 20 S.W.3d 310 (2000), a student-passenger on a Pulaski County school bus shot and killed a fellow student passenger. The District argues that this action is quite similar to the facts in *Rudd*, in that *Rudd* involved the failure to supervise students on a school bus, while the instant action involves an alleged failure to supervise the condition of floor surfaces on a school bus." In *Rudd*, this court stated:

> Appellants also presented a theory of negligence. The issue of negligence was raised in appellants' jurisdictional statement, but the issue of recovery on the basis of negligence giving rise to liability for a tort was not raised in either of appellant's points on appeal or in the argument section of their brief. Appellants do not appear to contest the grant of summary judgment with respect to the allegation of negligence.

> Had appellants pursued the theory of recovery of damages for tort liability under a claim of negligence, they would not have prevailed because of appellees' sovereign immunity. Under Ark. Code Ann. § 21-9-301, "[i]t is declared to be the public policy of the State of Arkansas that all ... school districts ... shall be immune from [tort] liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees." *Id.*

The District argues that, subject to the insurance exception recognized in *Carter v. Bush*, they cannot be sued for negligence.

The only claim presented by appellee Monday is for negligence, and, according to the District, the insurance exception is germane to the issue of the District's immunity.

The next question is whether the District had an applicable policy of liability insurance. The District maintains that it is immune because no coverage applies to this kind of claim. On the date of the accident, the district apparently had two different insurance policies, one of which was the "School Workers Defense Program," or "School Employee – School Board Protection Program," created by the Department of Education in response to Ark. Code Ann. § 6-17-1113 (Supp. 2003). The District attached this policy to its motion for summary judgment. Under the "School Board Protection Program," Exclusion 7, no protection applies to "any and all claims for damages which are subject to the affirmative defense of governmental immunity under Arkansas law." The Program states that "governmental immunity is not waived by this program," and only provides automobile coverage for those incidents that occur outside the state of Arkansas.

The District also contends that the School Motor Vehicle Self Insurance Program does not apply. However, this court cannot determine whether there is insurance coverage under the motor-vehicle policy because the actual policy is not included for review. The District may be immune from liability but, because it had the burden to make the insurance policy a part of the record, and failed to do so, this court cannot make that determination.

Affirmed.

GLAZE, J., not participating.