Ouida COX, Individually and as an Employee of Arkansas
Electric Cooperatives, Inc. and Arkansas Electric Cooperatives, Inc. *v.*
Peggy C. VERNON

CA 05-749                                        226 S.W.3d 24

Court of Appeals of Arkansas
Opinion delivered February 1, 2006

*Friday, Eldredge & Clark, L.L.P.*, by: *James C. Baker Jr.* and
*Kimberly Dickerson Young*, for appellants.

*M. Keith Wren*, for appellee.

SAM BIRD, Judge. Appellants Ouida Cox and Arkansas Elec-
tric Cooperatives, Inc., (AEC) appeal the trial court's denial
of two post-trial motions: their motion for a new trial (or alterna-
tively, for remittitur) and their motion to strike an amended com-
plaint filed by appellee Peggy Vernon. Appellants assert (1) that the
trial court erred in denying their motion for a new trial/remittitur
because Ark. R. Civ. P. 8(a) limits Vernon's recovery to less than
$75,000, and (2) that the trial court erred in allowing Vernon to
"escape" the limiting provision of Ark. R. Civ. P. 8(a) by amending
her complaint after the verdict was rendered. We affirm.

The facts of this case are as follows. On August 1, 2000, Cox
was involved in a motor vehicle accident with Vernon while Cox
was driving an automobile in the scope of her employment with
AEC. Vernon subsequently filed a lawsuit against Cox and AEC,

requesting "judgment in an amount sufficient to compensate [Vernon] for her medical expenses, pain and suffering, wage loss and mileage; for costs herein expended; and for all other just and proper relief." A jury awarded Vernon $122,400.

On November 19, 2004, after the jury verdict was rendered, Cox and AEC filed their motion for a new trial/remittitur. This motion claimed that, pursuant to Ark. R. Civ. P. 8(a), Vernon was limited to a recovery of less than $75,000 because her complaint failed to demand an amount in excess of that necessary for federal court diversity jurisdiction. On November 30, 2004, Vernon filed a post-trial amendment to her complaint to add such a demand. On December 1, 2004, Cox and AEC filed a motion to strike the amended complaint, arguing that Vernon could not remedy her failure to demand the requisite amount by filing a post-trial amendment to her complaint. On March 1, 2005, the trial court denied appellants' motion for a new trial/remittitur and appellants' motion to strike the amended complaint.

We first address appellants' argument that the trial court erred in denying their motion for a new trial/remittitur because Ark. R. Civ. P. 8(a) limits Vernon's recovery to less than $75,000. A question of law is reviewed on appeal using a de novo standard. *Helena-West Helena Sch. Dist. v. Monday*, 361 Ark. 82, 204 S.W.3d 514 (2005). Rule 8(a) states as follows:

> (a) *Claims for Relief.* A pleading which sets forth a claim for relief, whether a complaint, counterclaim, crossclaim, or third party claim, shall contain (1) a statement in ordinary and concise language of facts showing that the court has jurisdiction of the claim and is the proper venue and that the pleader is entitled to relief, and (2) a demand for the relief to which the pleader considers himself entitled. In claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than required for federal court jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of such amount. Relief in the alternative may be demanded.

Appellants point out that Vernon never set forth in any pleading a statement in ordinary and concise language making a demand for a specific amount of money, nor did she request an amount in excess of the federal court jurisdictional amount (*i.e.*,

$75,000). Appellants assert that, given the plain language of Ark. R. Civ. P. 8(a), Vernon's recovery should be limited to less than $75,000.

In *Interstate Oil & Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 972 S.W.2d 941 (1998), our supreme court held that the fact that the pleadings did not contain a demand for an amount in excess of the federal court jurisdictional amount in diversity-of-citizenship cases did not limit the plaintiff's proof of damages to the federal court jurisdictional amount. The court in *Interstate Oil* discussed Ark. R. Civ. P. 8(a) and specifically recognized that "[t]he obvious purpose of this section is to prevent a plaintiff from using unliquidated demands to avoid removal of diversity of citizenship cases to federal court." *Id.* at 5, 972 S.W.2d at 943 (citing the Reporter's Notes to Ark. R. Civ. P. 8). The court also reasoned that, while the appellants could have sought removal of the claim to federal court, they chose not to do so; thus, appellants' argument that the claim for damages was limited to the federal jurisdictional amount in diversity cases was found to be meritless. *Id.* at 6, 972 S.W.2d at 943.

In the case at bar, it is undisputed that there is no diversity of citizenship. Here, not only did the appellants fail to seek removal of the case to federal court — like the appellants in *Interstate Oil, supra* — but the case could not possibly have been removed because there was no diversity of citizenship. As our supreme court has recognized, the purpose of Ark. R. Civ. P. 8(a) is to prevent a party from using unliquidated demands to avoid removal of a case to federal court. When a case cannot be removed to federal court because there is no diversity of citizenship, the provisions of Rule 8(a) that limit recovery to an amount less than that required for federal court jurisdiction in diversity-of-citizenship cases are simply not applicable.

We therefore hold that the provisions of Ark. R. Civ. P. 8(a) regarding claims for unliquidated damage and the requirement of a demand for an amount in excess of the federal jurisdictional amount do not apply to cases that, for lack of diversity of citizenship, cannot be removed to federal court. Accordingly, we find that the provisions of Rule 8(a) do not limit Vernon's recovery to $75,000 simply because Vernon failed to include a demand for an amount in excess of the federal jurisdictional amount in her pleadings.

We need not address appellants' second point — that the trial court erred in allowing Vernon to escape the limiting provision of Ark. R. Civ. P. 8(a) by amending her complaint after the verdict was rendered — because the amending of the complaint is irrelevant to our disposition of the case. Here, there was no diversity of citizenship between the parties; as discussed above, the limiting provision of Rule 8(a) was not applicable.

Affirmed.

HART and NEAL, JJ., agree.