2009 Ark. 92

**Lee VENT, Appellant,**

v.

**Lewis JOHNSON, Appellee.**

No. 08–388.

Supreme Court of Arkansas.

Feb. 26, 2009.

---

W. Paul Blume, Little Rock, for appellant.

Wilson Law Firm, P.A., by: E. Dion Wilson, Helena, for appellees.

ELANA CUNNINGHAM WILLS, Justice.

This case arises out of an alleged act of battery committed on a student by a teacher in the Forrest City School District. According to the complaint, Davanis Johnson, who was twelve years old at the time, asked his teacher for a pencil. The teacher, Arnold Ryan, grabbed Johnson and began to punch him. Another student, James Towner, tried to intervene, and Ryan shoved him into a desk. On May 2, 2005, Johnson and Towner, through their fathers (collectively "Johnson") filed suit against Ryan, individually and as an employee of the Forrest City School District, and against Lee Vent, the Superintendent of the Forrest City School District. The summons was served on Vent on May 18, 2005.

On June 9, 2005, Johnson filed a motion for default judgment in which he alleged that twenty days had passed since the service of summons, and that Vent had not yet filed an answer. Also on June 9, 2005, Johnson moved to take a voluntary nonsuit against Ryan; the Phillips County Circuit Court granted this motion on July 14, 2005.

Vent filed his answer to Johnson's complaint on June 13, 2005, stating affirmatively that, "with respect to any allegations of negligence," he and the School District enjoyed immunity under Ark.Code Ann. § 21–9–301 (Repl.2004). In addition, he filed a response to Johnson's motion for default judgment on September 2, 2005, in which he alleged that a default judgment should only be entered "when a party has failed to respond at all, not merely in a situation wherein the Answer or other pleading was filed untimely." After the filing of Vent's answer and his response to Johnson's motion, the circuit court entered an order on October 31, 2005, granting Johnson's motion for default judgment. In its order, the court found that Vent had neither pled nor argued at the hearing that there had been any excusable neglect in failing to file a timely answer.[1]

Subsequently, the circuit court set a hearing on the issue of damages for February 12, 2007; however, the hearing was rescheduled for July 5, 2007. A few days before the hearing, Vent mailed a "motion to deny damages" to Johnson's counsel in which he contended that the School District and its agents, officers, and employees were immune from any liability in tort for negligence pursuant to section 21–9–301.[2] The motion further asserted that

---

1. Vent attempted to take an interlocutory appeal from the order granting default judgment, filing a notice of appeal on November 30, 2005. The court of appeals dismissed the appeal on August 28, 2006, because the order granting default judgment was not a final, appealable order. *See, e.g., U.S. Bank, N.A. v.* *Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003) (a judgment or order is not final and appealable if the issue of damages remains to be decided).

2. The addendum reflects a file-stamped date of June 12, 2008, on this motion; however,

neither the District nor Vent was covered by liability insurance for acts or omissions constituting negligence; however, no proof to sustain this assertion was attached to the motion.

At the damages hearing on July 5, 2007, Johnson and Towner both testified as to the events on the day that Ryan allegedly battered them. Johnson said that he walked into class and asked Ryan for a pencil, and Ryan grabbed him by the shirt. Johnson grabbed Ryan's shirt back, and Ryan "put his arm around [Johnson] and choked [him] and threw [him] down to the ground." The incident lasted around three or four minutes. Johnson said that he had no medical bills from the incident and did not go to a doctor. In addition, he testified that it "didn't affect [him] at all after that day. After it happened that day, [he] was pretty much done with it." Towner testified that he tried to pull Ryan off of Johnson, and Ryan pushed him across the room. Towner also testified that he did not have to take any medication because of what happened, and it did not affect him or "linger in [his] mind after that day."

After the hearing, the circuit court entered an order[3] on November 30, 2007, in which the court acknowledged Vent's immunity argument, but found that "there was no witness for the School District to give testimony as to lack of insurance coverage in this matter. The court cannot presuppose that there is no insurance based upon a defense by the School District." The court then ruled as follows:

> That based upon default judgment being previously entered by the School District and with no proof from the School District that there is no liability insurance coverage to cover these

claims, the court, based upon the testimony of the minor, Davanis Johnson, awards damages in the amount of $2,500.00, and based upon the testimony of the minor, James Towner, Jr., the court awards damages in the amount of $2,000.00.

Vent filed a timely notice of appeal on December 28, 2007. On appeal, he raises two arguments for reversal: 1) the circuit court erred in granting Johnson's motion for default judgment; and 2) the court should not have awarded damages because of the School District's immunity.

In his first point on appeal, Vent argues that the circuit court should not have entered a default judgment against him because default judgments "are not favorites of the law and should be avoided whenever possible." *See, e.g., JurisDictionUSA v. Loislaw.com, Inc.,* 357 Ark. 403, 183 S.W.3d 560 (2004) (citing *B & F Eng'g, Inc. v. Cotroneo,* 309 Ark. 175, 830 S.W.2d 835 (1992)). He also argues that the granting of the default judgment was improper because an answer *was* filed in this case, albeit several days late.

Rule 55 of the Arkansas Rules of Civil Procedure governs default judgments, providing in pertinent part as follows:

> (a) When Entitled. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.
>
> . . . .
>
> (c) Setting Aside Default Judgments. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

---

the motion itself bears the date of July 2, 2007, in the certificate of service.

**3.** A date of October 23, 2007, was written on the order, but the file-mark indicates it was not entered until November 30, 2007.

(2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Rule 12(a)(1) gives a party twenty days after service of the summons and complaint to file an answer. *See* Ark. R. Civ. P. 12(a)(1) (2008). In this case, Johnson's complaint was served on Vent on May 18, 2005, which means that Vent's answer should have been filed no later than June 7, 2005. As noted above, Johnson filed his motion for default judgment on June 9, 2005, and Vent filed his answer on June 13, 2005.

On appeal, Vent argues that the circuit court abused its discretion in granting the default judgment because the answer was "only six days late." He contends that a default judgment is not properly granted where an answer is filed prior to the entry of the default judgment, or at least where the answer is filed before the expiration of a "substantial lapse of time" after service of the complaint. Vent also contends that the "excusable neglect" standard in Rule 55(c) "does not even appear to apply" where an answer has been filed prior to the entry of a default judgment, noting that Rule 55(c) refers to a "party *seeking to have the judgment set aside.*" (Emphasis in Vent's brief.) Finally, Vent asserts that the untimely filing of his answer should be forgiven as a result of inadvertence, and he states that the circuit court's granting of a default judgment in these circumstances "violates the well-settled preference for avoiding defaults and hear-

ing cases on the merits." *See JurisDictionUSA v. Loislaw.com, Inc, supra.*

Although Vent argues that the entry of a default judgment is limited to cases in which no answer is filed at all, or to cases in which an answer is filed substantially late, he is incorrect. In *Layman v. Bone,* 333 Ark. 121, 967 S.W.2d 561 (1998), this court upheld the entry of a default judgment where the answer was filed only one day late. After the answer was filed in that case, the plaintiff moved for a default judgment; the defendant responded to that motion and also filed a motion to enlarge the time for filing an answer under Rule 6(b). The defendant, Layman, averred that the late filing was "due to the inadvertence and mistake of his attorney who did not ascertain ... the exact date that [Layman] was served." *Layman,* 333 Ark. at 124, 967 S.W.2d at 563. At a hearing on the motion for default judgment, Layman reiterated his argument that the untimely filing was a mere mistake and contended that the plaintiff had not been prejudiced. The trial court rejected the claim, however, stating that the answer "was not filed within twenty days, and I don't believe the failure to do so was [the] result of mistake, inadvertence, surprise, or excusable neglect or other just cause, so it will be judgment for the plaintiff." *Id.* This court affirmed. In addressing the language of Rule 6(b), which is similar to Rule 55(c), the court noted that:

> [p]resumably, any failure to file an answer on time could be referred to as a "mistake" in the sense that an error of some sort caused the failure to file on time. To hold, however, that any error whatsoever should excuse compliance with Rule 12(a) would deprive the trial courts of the discretion to which the rule

refers. That is not the intent of the rule.

*Id.* at 125, 967 S.W.2d at 563–64.

The *Layman* court reached a similar conclusion under Rule 55(a), holding that there was no abuse of discretion in the finding that there was no mistake, inadvertence, surprise, or excusable neglect in failing to file a timely answer. *Id.* The liberalization of Rule 55 in 1990 thus did not eliminate the obligation to file a timely answer. *See, e.g., Arnold Fireworks Display, Inc. v. Schmidt,* 307 Ark. 316, 320, 820 S.W.2d 444, 446 (1991) (stating that the amended version of Rule 55 was not "intend[ed] to render meaningless the requirement that an answer must be filed within a set time."). Thus, a default judgment ₈may be granted where an untimely answer is filed. *See also Nucor Corp. v. Kilman,* 358 Ark. 107, 186 S.W.3d 720 (2004); *B & F Eng'g v. Cotroneo, supra.*

■ This court has also applied the same Rule 55(c) standard for determining whether a default judgment should be set aside—i.e., for mistake, inadvertence, surprise or excusable neglect—to the determination of whether a default judgment should be granted in the first instance. *See, e.g., Layman, supra* (citing *B & F Eng'g v. Cotroneo, supra*). There is therefore no validity to Vent's arguments that a default judgment is not properly granted where an answer is filed or that the "excusable neglect" standard is inapplicable in this instance. In addition, the liberalization of Rule 55 did not prevent the entry of a default judgment in the cases cited above. In short, a trial court has the discretion to grant a default judgment where an answer is filed, but no mistake or excusable neglect is shown.

In the present case, Vent argued to the trial court that "the mere passage of the twenty days before the filing of an answer is not a basis for the entry of a default judgment." At the hearing on Johnson's motion, Vent also argued that Johnson had not demonstrated that he had been prejudiced by the untimely filing of the answer. However, Vent did not state or allege any grounds constituting mistake or excusable neglect, or any other grounds that would satisfy Rule 55(c).

■ In his brief before this court, Vent asserts that inadvertence can be a basis for setting aside a default judgment, and the filing of an answer six days late "clearly is a case of ₉inadvertence." However, Vent did not raise the issue of inadvertence below, which precludes this court's review of the issue on this basis; moreover, he does not cite any convincing authority to show that this court has ever held that mere "inadvertence" in filing an answer late warranted the reversal of a default judgment. *See, e.g., Arnold Fireworks Display, Inc. v. Schmidt, supra* (summarily affirming trial court's refusal to set aside a default judgment where defendants "did not offer any meaningful evidence of mistake or inadvertence" and the record did not "give any reason for the failure to file timely answers"). Accordingly, we affirm the trial court's order granting Johnson's motion for default judgment.

Vent's second argument on appeal is that the trial court erred in entering a judgment for damages against him. As noted above, after the default judgment was entered, Vent later filed a "motion to deny damages" in which he alleged that the complaint in this case stated only claims of negligence against him and the School District, and the District and its employees were immune from liability pursuant to section 21–9–301. That statute provides that it is "the public policy of the State of Arkansas that all ... school districts ... shall be immune from liability

and from suit for damages except to the extent that they may be covered by liability insurance." On appeal, Vent urges that the statutory grant of immunity is abrogated only if an immune entity has liability insurance, but that Johnson, in his complaint, did not allege that the School District had liability insurance to cover acts of negligence.

An initial question arises as to whether the trial court properly entertained this issue when Vent raised it in his motion to deny damages. The matter of immunity was asserted in order to defeat or controvert the District's liability. However, a default judgment establishes liability, *see Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992), and a defaulting defendant cannot introduce evidence to defeat the plaintiff's cause of action at a hearing on damages. *See Young v. Barbera*, 366 Ark. 120, 233 S.W.3d 651 (2006); *B & F Eng'g, supra* (citing Howard W. Brill, *Arkansas Law of Damages* § 8–1 (2d ed. 1990)).[4]

A defendant may, however, after the entry of a default judgment, allege that the complaint failed to state a cause of action. *See Nucor Corp. v. Kilman, supra* ("A default admits only those facts alleged in the complaint, and if they are insufficient to support the judgment, it will be reversed.") (quoting *Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W.2d 555 (1974)); *see also Hubbard v. The Shores Group, Inc.*, 313 Ark. 498, 502, 855 S.W.2d 924, 927 (1993) (the rendition of a default judgment on a complaint that fails to state facts sufficient to state a cause of action is reversible error). Here, in his motion to deny damages, Vent asserted that there were no allegations in the complaint that he had committed any intentional acts,[5] that both he and the District were immune from liability for any negligent torts under section 21–9–301, and that neither he nor the District was covered by liability insurance for acts or omissions constituting negligence.[6] On appeal, Vent specifically argues that Johnson's complaint failed to state facts sufficient to overcome immunity or to state a claim that would have given the circuit court a basis for awarding damages.

In determining whether Johnson's complaint stated a cause of action, we must consider the issue of whether the plaintiff was required to allege the existence of liability insurance, or whether the defendant was required to prove the absence of such insurance in order to establish the right to claim immunity. Stated another way, in order to decide whether the trial court committed reversible error in entering the default judgment and awarding damages, we must determine whose burden it was to raise the liability-insurance issue.

To this end, Vent argues that the circuit court improperly imposed on him and the School District the burden of proving that no insurance coverage exists. He complains that Johnson's complaint never mentioned insurance, and he contends that the immunity afforded by section 21–9–301 "is not an affirmative defense, requir-

---

4. A defaulting defendant does retain the right to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages, and to question on appeal the sufficiency of the evidence to support the amount of damages awarded. *See Jean–Pierre v. Plantation Homes*, 350 Ark. 569, 89 S.W.3d 337 (2002). However, on appeal, Vent does not challenge the amount of damages awarded to the plaintiffs below.

5. The circuit court did not rule on this issue.

6. In his answer, Vent specifically pled that the complaint failed to state a claim for which relief could be granted.

ing some showing on the part of the immune party." We disagree and hold that the qualified immunity afforded by section 21–9–301 must be asserted and proven as an affirmative defense.

This court has held that section 21–9–301 affords qualified immunity to entities such as school districts, and a school district and its employees can be sued to the extent that applicable coverage exists under a policy of insurance. *See, e.g., Helena–West Helena Sch. Dist. v. Monday,* 361 Ark. 82, 204 S.W.3d 514 (2005) (school districts are generally immune from liability for torts, subject to an exception where insurance coverage applies). We have further stated that section 21–9–301 "establishes ... an immunity defense." *West Memphis Sch. Dist. No. 4 v. Circuit Court of Crittenden County,* 316 Ark. 290, 295, 871 S.W.2d 368, 371 (1994).

In *West Memphis School District No. 4,* this court denied a petition for writ of prohibition sought by a school district after the trial court denied its motion to dismiss on immunity grounds. In so doing, this court held that the circuit court was not without jurisdiction to deny a motion to dismiss pending a determination of the existence of liability insurance. The court also noted that we will deny a petition for writ of prohibition "where the relief requested was based on an affirmative defense and not a question of jurisdiction." *Id.* at 293–94, 871 S.W.2d at 370. Although the court did not specifically hold that the qualified immunity afforded under section 21–9–301 is, itself, an affirmative defense, we deem the treatment of the issue to be highly persuasive.

According to *Black's Law Dictionary,* an "affirmative defense" is a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true." *Black's Law Dictio-*

*nary* 451 (8th ed. 2004). The burden of proving an affirmative defense is on the party asserting it. *See, e.g., Rodgers v. CWR Constr., Inc.,* 343 Ark. 126, 33 S.W.3d 506 (2000); *Karnes v. Marrow,* 315 Ark. 37, 864 S.W.2d 848 (1993). Moreover, the defense of statutory immunity set out in section 21–9–301 could certainly be considered an "avoidance" as that word is used in Ark. R. Civ. P. 8(c) (listing affirmative defenses). *See, e.g., Black's Law Dictionary* 317 (8th ed. 2004) (defining "confession and avoidance" as "[a] plea in which a defendant admits allegations but pleads additional facts that deprive the admitted facts of an adverse legal effect"); *S. Transit Co. v. Collums,* 333 Ark. 170, 966 S.W.2d 906 (1998) (the avoidance of a claim because of operation of law is generally thought to require the filing of an affirmative defense).

In addition, in discussing the difference between absolute immunity and qualified immunity, this court has stated (in a somewhat different context) that, while absolute immunity "bars a suit at the outset," qualified immunity "is in the nature of an affirmative defense." *McCrory v. Johnson,* 296 Ark. 231, 242, 755 S.W.2d 566, 572 (1988); *see also Dermott Special Sch. Dist. v. Johnson,* 343 Ark. 90, 32 S.W.3d 477 (2000) (distinguishing the "broad constitutional grant to the State to be free from being made a defendant in any of her courts" from the "limited immunity statutorily granted to political subdivisions from damages negligently inflicted on others"). Finally, in the *West Memphis School District* case cited above, this court made it clear that the immunity afforded under section 21–9–301 is not jurisdictional. *Cf. Allen v. Kizer,* 294 Ark. 1, 740 S.W.2d 137 (1987) (holding that a complaint against supervisory and nonsupervisory employees who were jurisdictionally immune from suit under the exclusivity provisions of the

workers' compensation laws failed to state a claim, and the circuit court properly refused to grant a default judgment).

■ Accordingly, we hold that the immunity afforded by section 21–9–301 is an affirmative defense that must be specifically pled and proven in order to be considered by the circuit court. *Cf. Felton v. Rebsamen Med. Ctr.*, 373 Ark. 472, 284 S.W.3d 486 (2008) (holding that charitable immunity is an affirmative defense that must be specifically pled). Therefore, because this immunity is an affirmative defense, it was incumbent upon the School District to plead and prove that it was entitled to that immunity due to a lack of insurance. Conversely, the plaintiff's complaint did not have to allege the absence of insurance in order to state a cause of action.

As Vent failed to show excusable neglect or other basis for avoiding a default under Rule 55, the circuit court was unable to reach the issue of whether a meritorious defense existed. *See Layman, supra.* Once the default judgment was entered, Vent could not introduce evidence of immunity in order to defeat Johnson's cause of action. *See B & F Eng'g, supra.* Vent *could* challenge the complaint as failing to state a cause of action, but because Johnson was not required to plead the absence of insurance, the complaint *did* state a cause of action, and Vent cannot argue that the default judgment was improper on that basis. Accordingly, we conclude that the trial court did not err in either entering the default judgment or in awarding damages against Vent and the District.

Affirmed.

HANNAH, C.J., dissents.

JIM HANNAH, Chief Justice, dissenting.

I respectfully dissent. Immunity in this case is not an affirmative defense.

The plain language of Arkansas Code Annotated section 21–9–301 (Repl.2004) provides not only immunity but also a substantive bar to suit where the school district is uninsured. "[S]chool districts ... shall be immune from liability and from suit for damages." Ark.Code Ann. § 21–9–301(a). Further, "no action shall lie." *Id.* § 21–9–301(b). The preamble to Act 165 of 1969 that enacted section 21–9–301 reconfirms this conclusion. It declares that the public policy of the State is that "its political subdivisions shall not be liable for tort" and "that no action shall be maintained therefor." Act 292 of 1993 amended section 21–9–301 to allow suit to the extent there is insurance coverage, and it also confirms that section 21–9–301 provides a substantive bar. The preamble states that the bill "will permit them to be named as plaintiffs to the extent of their insurance." If there is no insurance, they are not subject to suit.

The bar to suit arises from public policy that, subject to insurance, no suit shall be maintained. As such, the substantive bar may not be waived by the school district through a failure to answer or otherwise. The circuit court simply lacks subject-matter jurisdiction where the plaintiff makes no allegation of insurance, and insurance coverage is required to state a cause of action. The plaintiff must raise the issue that insurance overcomes the substantive bar and immunity or the suit is barred. On that basis, immunity is not a new matter raised by the defendant and, thus, it is not an affirmative defense.

In the absence of an allegation of insurance, the circuit court lacked subject-matter jurisdiction, and its decision entering default and vacating the judgment and sentence is null and void. No cause of action was stated that would be subject to

default. Further, "[i]f the trial court lacked subject-matter jurisdiction, we also lack subject-matter jurisdiction." *Clark v. Pine Bluff Civil Serv. Comm'n,* 353 Ark. 810, 815, 120 S.W.3d 541, 545 (2003). This court may not waive subject-matter jurisdiction. *See Dean v. Tallman,* 331 Ark. 127, 959 S.W.2d 41 (1998). All this court may do is decline to act, noting that the circuit court's decision is null and void. *See, e.g., Linder v. Weaver,* 364 Ark. 319, 219 S.W.3d 151 (2005). Because I believe that the circuit court lacked subject-matter jurisdiction to hear the case, I would hold that its acts were null and void. I would reverse and dismiss.