Rhonda K. Wood, Justice, concurring in part and dissenting in part. I agree with the majority opinion to the extent that it affirms the denial of the City of Little Rock’s motion for summary 1 judgment. However, I would also affirm the denial of summary judgment related to MEMS, as we should hold both entities to the same standard. Accordingly, I concur in part and dissent in part. All municipalities are immune from liability and suit “except to the extent that they may be covered by liability insurance.” Ark. Code Ann. § 21-9-301(a) (Repl. 2016). We have stated that this immunity is qualified, and an employee or district can be sued to the extent that insurance coverage exists. Carter v. Bush, 296 Ark. 261, 753 S.W.2d 534 (1988). According to our caselaw, this immunity is “an affirmative defense that must be specifically pled and proven in order to be considered by the circuit court.” Vent v. Johnson, 2009 Ark. 92, at 14, 303 S.W.3d 46, 53. When moving for summary judgment, a party seeking application of statutory immunity has the burden to show immunity from suit. E.g., Helena-W. Helena Sch. Dist. v. Monday, 361 Ark. 82, 87, 204 S.W.3d 514, 518 (2005). So if an entity argues that its insurance policy does not apply to the particular situation at issue, “it has the burden to make the insurance policy a part of the record.” Id. at 87, 204 S.W.3d at 518. The record must therefore demonstrate that no liability insurance covers the party seeking immunity. Waive v. Joseph, 308 Ark. 528, 825 S.W.2d 594 (1992). The question whether the City of Little Rock and MEMS are entitled to summary judgment on the immunity question boils down to an issue of proof. I agree with the majority that the City failed to present proof on this point. But MEMS failed on this point as well. MEMS never actually filed a motion for summary judgment. Instead, at the hearing, MEMS merely stated it was orally adopting the City’s motion. Like the City, MEMS failed to present the circuit court with any insurance policies or an affidavit regarding the extent of its coverage. l9On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. Harris v. City of Fort Smith, 359 Ark. 355, 197 S.W.3d 461 (2004). The majority states, “It was incumbent upon [the City], and not Yang, to plead and prove that it was entitled to immunity due to a lack of insurance.” This burden was incumbent on MEMS too, and I would hold MEMS to the same standard that the majority has applied to the City. Instead, the majority holds that two insurance policies Yang attached to its response to MEMS’s motion to dismiss were sufficient proof of insurance to meet MEMS’s burden on summary judgment. This is error because MEMS did not present these as part of its limited, oral request to join the City’s motion. It remains a question of fact whether the policies Yang attached are MEMS’s only insurance policies and whether the policies covered the occurrence in this case. In short, MEMS was not entitled to summary judgment because it failed to present any evidentiary items regarding the immunity issue when it orally adopted the City’s motion for summary judgment. I would accordingly affirm the circuit court’s entire order. Womack, J., joins.