2010 Ark. App. 581

**Jerry PASSMORE, Trustee of the Jerry & Gail Passmore Family Trust, Appellant**

**v.**

**Johnny HINCHEY, Individually and in his Official Capacity as County Judge of Searcy County, Arkansas, and his Agents, Servants, and Employees, Appellees.**

**No. CA 10–148.**

Court of Appeals of Arkansas.

Sept. 8, 2010.

Jerry D. Patterson, Patterson Law Firm, P.A., Marshall, for appellant.

Steven B. Davis, Harrison, for appellees.

RITA W. GRUBER, Judge.

Appellant Jerry Passmore, as trustee of the Jerry and Gail Passmore Family Trust, appeals from an order of the Searcy County Circuit Court dismissing its lawsuit against appellees, Johnny Hinchey, individually and in his official capacity as county judge, and Mr. Hinchey's agents, servants, and employees. Appellant acquired title to property in March 2006 across which lay a roadway connecting U.S. Highway 65 to Cove Creek Road. Appellant alleged in its complaint that appellees had been driving trucks and other vehicles on the private road without permission. Appellant sought an injunction against appellees to end appellees' trespassing; fair rental value for use of the roadway; and punitive damages against Mr. Hinchey, individually. Appellees filed a motion to dismiss, which the circuit court granted. We reverse the court's order and remand the case.

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Dollarway Patrons for Better Schools v. Morehead,* 2010 Ark. 133, 361 S.W.3d 274. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* However, it is also true that our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Ark. R. Civ. P. 8(a)(1). We review a circuit court's decision to grant a motion to dismiss for abuse of discretion. *Doe v. Weiss,* 2010 Ark. 150, 2010 WL 1253216.

I.

Appellant filed a complaint against appellees on November 17, 2008, alleging that it had purchased certain property across which ran a private road in March 2006. Appellant also alleged that use of the road and creek crossing was by "permission only and [did] not exist by any easement, express or implied, or any right vested in third parties, the general public or Searcy County, Arkansas." Appellant contended that, since the spring of 2008, Mr. Hinchey, individually and as county judge, and his employees had been trespassing on appellant's land by driving trucks and other vehicles over the private roadway. Appellant alleged that it had asked appellees to stop, cease, and desist the trespasses and not to use its private road but that appellees had ignored the requests. Appellant claimed that Mr. Hinchey's response to the request was that he was county judge and would do as he wanted whether appellant liked it or not. The complaint also provided notice pursuant to Ark.Code Ann. § 5–39–304 that appellees were not to enter appellant's property or they would be considered appropriate subjects for criminal charges.

An amended complaint, filed on August 3, 2009, added a paragraph alleging that the Quorum Court of Searcy County had

never passed an ordinance for the taking of appellant's property or appropriated county funds for paying just compensation for the land or rental thereof. Appellant also added that Mr. Hinchey, individually and as county judge, and his agents, servants, and employees had continued to travel across appellant's property despite being notified under Ark.Code Ann. § 5-39-304 that any such use of appellant's property would be treated as a criminal trespass. Thus, appellant alleged, appellees had violated appellant's rights under the Arkansas Constitution, article 2, sections 2, 3, 13, 21, and 22. Appellant alleged that appellees were denying appellant its rights, privileges, immunities, and protections secured by the Arkansas Constitution and Arkansas Civil Rights Acts. Finally, appellant alleged that Mr. Hinchey, individually and as county judge, "ha[d], is and will illegally use county funds, equipment and personal [sic] to use, maintain, improve and enhance the value of property owned by private individuals," specifically the private roadway on appellant's property.

Appellant's amended complaint sought to enjoin and restrain appellees from entering its land and crossing the private roadway; from violating Ark.Code Ann. § 5-39-304; for an injunction against appellees to prevent the beginning of an adverse interest and claim; for compensatory damages against Mr. Hinchey, individually, in the sum of fifty dollars per day for rentals for trespassing upon appellant's lands from November 24, 2008; for punitive damages against Mr. Hinchey, individually, for willfully, maliciously, and wantonly using the color of his office to deny appellant its enumerated civil rights under the Arkansas Constitution; and to enjoin Mr. Hinchey, individually and as county judge, from using county funds, personnel, and equipment to improve private property, to require him to account for the value

of the county funds already used, and to require him to reimburse Searcy County for that amount.

In their answer, appellees admitted that Searcy County had not passed an ordinance regarding the land or the road on appellant's land but denied that an ordinance or compensation was required. Appellees also admitted that they had used Cove Creek Road but denied that it constituted a trespass and pleaded affirmatively that their use was by permission of the owner, L & N Construction, Inc. Appellees made no mention of the private roadway connecting to Cove Creek Road, and it is unclear whether appellees were including it within their understanding of Cove Creek Road. Appellees denied all other allegations.

On October 27, 2009, Mr. Hinchey filed a motion to dismiss, contending that the case involved a public road in Searcy County and that, under the Arkansas Constitution, exclusive, original jurisdiction lay in the County Court of Searcy County. Secondly, Mr. Hinchey alleged that, pursuant to Ark.Code Ann. § 21-9-301, he was immune. Finally, he alleged that Searcy County had filed an action in the county court to determine ownership of the easement at issue in this case and the compensation, if any, to which appellant might be entitled. A copy of the complaint, declaration, and order (all file stamped October 22, 2009) were attached to the motion. The county court order, signed by Mr. Hinchey as county judge, appeared to grant Searcy County an easement in the roadway across appellant's land. In his brief, Mr. Hinchey argued that the matter was filed in the wrong court and that exclusive, original jurisdiction was in the County Court of Searcy County.

On October 28, 2009, appellant filed a motion for extension of time to respond to

the motion to dismiss, which the court granted on November 3, 2009, giving appellant thirty additional days to file its response. Appellant filed a response on December 2, 2009, admitting that Searcy County was named as the plaintiff in a matter filed in the County Court of Searcy County, case No. C–2009–02, but denying all remaining allegations in the motion.

The circuit court entered an order granting appellees' motion and dismissing the case on December 7, 2009. The order was signed on November 17, 2009, however, so it is unclear whether the court considered appellant's response (filed December 2, 2009) in making its decision. The court gave no explanation for its decision but simply said that "from a consideration of the pleadings, the arguments and stipulations of counsel, and other things and matters properly before the Court, the Court finds that said Motion should be and hereby is granted, and that all Orders previously entered herein are void." Appellant filed this appeal.

## II.

■ We first address appellees' contention that we must dismiss this appeal because the appeal is not from a final order and thus not appealable. Ark. R.App. P.-Civ. 2(a) (2010). Appellees contend that, because the circuit court has not decided appellant's motion to transfer in the case on appeal from county court, the order appealed from in this case is not final. Basically, appellees claim that the county court case could be consolidated with this case thereby leaving issues undecided and making this case not final. We disagree. Appellant filed a complaint requesting relief from appellees' alleged trespass; the circuit court dismissed the case; there is nothing left to be decided in this case; therefore the circuit court's order is final and appealable. There currently is no

pending case in the circuit court to which the circuit court can transfer the county court case. Further, the parties in that case are not the same. The plaintiff in the county court case is Searcy County, which is not a party in this case. Mr. Hinchey is not a party in that case, either in his personal or official capacity. Indeed he was the county judge who signed the order that was appealed to circuit court in that case. We have jurisdiction here.

## III.

■ Appellant contends that the circuit court erred in dismissing its case because the circuit court did have subject-matter jurisdiction and because appellees were not immune from this lawsuit. Article 7, section 28 of the Arkansas Constitution provides that the county courts shall have exclusive original jurisdiction in "all matters relating to county ... roads." Amendment 80 provides that the circuit courts are trial courts of original jurisdiction "of all justiciable matters not otherwise assigned pursuant to this Constitution." Ark. Const. amend. 80, § 6.

We do not look at matters outside the pleadings and we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff in these cases. The complaint alleges that Mr. Hinchey, in his personal and official capacity, committed an intentional trespass: that is, with notice from the landowner that his use of the property was unauthorized, he continued to drive vehicles on the property. The complaint also alleges that there was not an easement, ordinance, or any other interest giving any other person the right to use appellant's private road. Appellees admitted as much in their answer. Thus, the *pleadings* suggest that this case is not a case involving a county road at all. Further, the complaint alleges the violation of civil rights and the illegal use of county funds, equipment, and

personnel to use, maintain, improve, and enhance the value of property owned by private individuals. We hold that the circuit court erred in dismissing the case on the basis of lack of jurisdiction.

The second reason argued by appellees in their motion to dismiss as a basis for dismissing the complaint was that they were immune from tort liability under Ark. Code Ann. § 21–9–301, which provides that all counties "shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance." Appellees cite *Chamberlain v. Newton County*, 266 Ark. 516, 587 S.W.2d 4 (1979), in which the supreme court held that the county was immune from Ms. Chamberlain's lawsuit against it to enjoin it from using a roadway it built across Ms. Chamberlain's property. In that case, Ms. Chamberlain "stood by and permitted" the county's construction of a road on her property. In this case, Mr. Hinchey and the county employees simply came onto appellant's property and began using appellant's road. The county did not construct the road. Appellant immediately told appellees to cease their use and then filed a notice of criminal trespass. The allegation in appellant's complaint is for an intentional trespass, and Ark.Code Ann. § 21–9–301 provides immunity from civil liability for negligent acts but not for intentional acts. *City of Fayetteville v. Romine*, 373 Ark. 318, 321, 284 S.W.3d 10, 13 (2008). Appellees are not immune from suit in this case.

We hold that the circuit court abused its discretion in granting appellees' motion to dismiss and remand.

Reversed and remanded.

VAUGHT, C.J., and BROWN, J., agree.