2013 Ark. 24

**CITY OF MALVERN, Appellant**

v.

**Leon JENKINS and Patsy Jenkins, Appellees,**

No. 12–297.

Supreme Court of Arkansas.

Jan. 31, 2013.

Michael Mosley, for appellant.

Walthall Law Firm, P.A., by: Cecilia Ashcraft, Malvern, for appellees.

CLIFF HOOFMAN, Justice.

This is an interlocutory appeal from an order denying summary judgment on the basis of statutory immunity pursuant to Arkansas Code Annotated section 219301 (Supp.2011). We granted certification of

this case pursuant to Arkansas Supreme Court Rule 1–2(b)(5), (6) (2012), to consider an issue needing clarification or development of the law and substantial issues concerning the interpretation of an act of the General Assembly. We reverse and remand.

Appellees, Patsy and Leon Jenkins, filed a complaint in Hot Spring County Circuit Court on April 20, 2010, alleging that, without their knowledge, appellant, the City of Malvern (the "City"), had erected a sewer line across the Jenkinses' property; that in the erection of that line, the City damaged a water pipe (culvert) owned by the Jenkinses; and that, in turn, the damaged culvert was the proximate cause of three washouts on their property. The Jenkinses alleged $8,478.87 in damages to repair the property after the ₂washouts; $24,900 in damages as a result of uncompensated condemnation to their property; and $15,000 in legal fees.

The City timely answered the complaint, denying any wrongdoing and asserting various affirmative defenses, including statutory immunity. The parties proceeded with discovery. On August 1, 2011, the City filed a motion for summary judgment, claiming that, pursuant to Arkansas Code Annotated section 21–9–301, it was immune from liability for negligence. Alternatively, it argued that the Jenkinses had failed to prove a prima facie case of negligence. Further, the City asserted that because the Jenkinses had granted an easement to the City, there was no taking and that because the property had increased in value, there was no inverse-condemnation claim. The City also maintained that the inverse-condemnation claim was barred by the statute of limitations. The City attached several exhibits to the motion, including the deposition of Leon Jenkins and a copy of a 1991 easement produced by the Jenkinses during discov-

ery giving the Malvern Water & Sewer Commission an easement for the purpose of constructing and maintaining sewer and water lines on the property. The easement was signed by the Jenkinses, but it was not dated or signed by the Commission.

In his deposition, Leon Jenkins stated that the washouts on his property were caused by damage to the drainage culvert, which was located near a sewer pipe. He asserted that the City damaged the culvert while installing, maintaining, or repairing the sewer line. Jenkins stated that when he discovered the damage to the culvert, it had puncture-type marks on it, possibly made by large machinery such as a backhoe. Jenkins explained that he purchased the ₃property in 1989 and had the culvert installed in the mid–1990s. He said that an extension from the sewer line serviced a neighboring business, but he did not know when the extension line was installed or who did the installation. Jenkins stated that the damage to the culvert was where the sewer line and the extension line connected. He stated that he believed a backhoe was used to install the extension line. Jenkins acknowledged that he and his wife signed an easement in 1991 giving the City authority to install sewer and water lines on his property.

In response to the City's motion, the Jenkinses contended that there were genuine issues of material fact at issue that precluded summary judgment. They attached an affidavit of Leon Jenkins, in which he maintained that the City never signed the 1991 easement and never compensated him. He stated that sometime after he had installed the culvert in the mid–1990s, the City performed work on the extension line and that the City's equipment punctured the drainage culvert. He stated that although he did not know the exact date that the City installed the

extension line, he knew it was less than seven years ago.

In reply,[1] the City argued that Leon Jenkins had admitted in his deposition that he did not know who installed the extension sewer line to his neighbor's house, that he was uncertain who caused the damage to his culvert, that he gave the City an easement years ago, and that he waived any nonpayment for that easement years ago. The City asserted that the affidavit filed with the Jenkinses' response was a "classic sham" affidavit, purporting to raise an issue of material fact contradicting his earlier deposition testimony. The City asked the circuit court to disregard and strike the affidavit. The City again asserted its right to statutory immunity from suit and attached an affidavit from Malvern Mayor Steve Northcutt stating that the City "does not carry liability insurance that would cover the claims made in *Leon and Patsy Jenkins v. City of Malvern*, Hot Spring County Circuit Court No. CV–2010–104–2."

After a hearing on January 23, 2012, the court took the matter under advisement. By letter, the court informed the parties that the motion for summary judgment was denied and asked counsel for the Jenkinses to prepare a draft order. The court explained its ruling in the letter, finding that there were genuine facts in dispute as to whether the easement provided by the Jenkinses during discovery was accepted by the City; whether the Jenkinses were compensated for said easement; whether the easement was valid; and whether the City kept the premises in a condition that would not interfere with the use of the

land as required by the terms of the easement. The court specifically found that whether the City had fulfilled its obligations under the easement was an issue of contract, not tort, and was therefore not barred by statutory immunity.[2] Further, it found that although the City did not currently have insurance, it remained to be determined whether the City had insurance when the damage occurred. Finally, the court found that Leon Jenkins's affidavit was not made in bad faith and did not violate Rule 56(g) of the Arkansas Rules of Civil Procedure.

On January 31, 2012, the City filed an objection to the proposed order drafted by the Jenkinses, arguing that the complaint alleged negligence and inverse-condemnation claims and that the Jenkinses never alleged a contract action in their complaint. The City contended that because the undisputed proof was that it had no insurance coverage, it was entitled to immunity on the claim of negligence. On February 2, 2012, the Jenkinses filed a motion to strike the City's objection to the proposed order, contending that such a pleading was not recognized by the rules and was "objectionable, improper[,]" and should be struck. On February 6, 2012, the court entered an order nearly identical to the findings made in its letter order.

On February 8, 2012, the City filed a motion for relief from the order pursuant to Arkansas Rule of Civil Procedure 60(a), arguing that to prevent a miscarriage of justice and correct an error or mistake, the court should vacate the order. The City requested relief on the basis that the

1. The City filed an initial reply and then a substituted reply, which included the mayor's affidavit.

2. Any argument by the dissent that the issue of statutory immunity was not ruled on by the circuit court is in direct conflict with the circuit court's order finding that the City was not immune. *Arkansas Lottery Commission v. Alpha Marketing*, 2012 Ark. 23, 386 S.W.3d 400, is simply not applicable here where the circuit court expressly ruled on the issue of immunity.

Jenkinses had not pled a contract claim and that the City was entitled to immunity. On February 13, 2012, the City filed a notice of interlocutory appeal from the court's February 6 order based on governmental immunity.[3]

As a threshold matter, the City raises several issues on appeal, including whether the circuit court incorrectly characterized the Jenkinses' claim as a contract claim instead of a tort claim and denied the City its statutory right to immunity; whether Mayor Northcutt's affidavit is substantial proof that the City did not have insurance coverage; whether the ⌊₆Jenkinses' inverse-condemnation claim is barred by the statute of limitations; and whether, alternatively, there was sufficient proof to support the inverse-condemnation claim.

■ This court has jurisdiction to hear the statutory-immunity issue pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil, which provides that "[a]n order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official" is an appealable order. However, Rule 2 does not authorize an interlocutory appeal from the denial of a motion for summary judgment generally. Ark. R.App. P.-Civ. 2(a). In fact, the general rule is that the denial of a motion for summary judgment is neither reviewable nor appealable. *Gentry v. Robinson*, 2009 Ark. 634, 361 S.W.3d 788. Nonetheless, we have recognized that where the refusal to grant a summary-judgment motion has the effect of determining that the appellant is not entitled to immunity from suit, an interlocutory appeal is permitted as the right of immunity from suit is effectively lost if a case goes to trial. *Id.* As such, we lack jurisdiction at this time to hear on appeal

any issue other than whether the circuit court erred in denying summary judgment on the issue of immunity. *See City of Farmington v. Smith*, 366 Ark. 473, 477, 237 S.W.3d 1, 4 (2006) (addressing only the immunity claim and not "the merits of the numerous arguments raised").

■ Turning to the merits of the City's claim, it contends that by mischaracterizing the Jenkinses' claim as based in contract, rather than tort, the circuit court denied the City the immunity to which it is entitled. Arkansas Code Annotated section 21–9–301(a) provides in pertinent part that

⌊₇[i]t is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

This court has held that the issue of whether a party is immune from suit is purely a question of law and is reviewed de novo. *City of Fayetteville v. Romine*, 373 Ark. 318, 284 S.W.3d 10 (2008).

■ Moreover, as we have oft repeated, our law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *City of Farmington v. Smith*, 366 Ark. 473, 237 S.W.3d 1 (2006). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must

---

**3.** The City filed an amended notice of appeal on February 15, 2012, to correct the date of the court's February 6 order from 2011 to 2012.

meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

The City maintains that the Jenkinses are clearly claiming negligence for the damage done to their culvert and that the damages they seek are tort damages and not those that ordinarily and naturally result from a taking and use of a right-of-way. Alternatively, the City ⌐8 asserts that, even if construed as a contract action, misfeasance of a contract is still considered a tort action.

We have noted that the difference between an action in contract and one in tort is not exact, but the basic distinction is that the purpose of the law of contract is to see that promises are performed, while the law of torts provides redress for various injuries. *Bankston v. Pulaski Cnty. Sch. Dist.,* 281 Ark. 476, 665 S.W.2d 859 (1984) (citing *Atkins Pickle Co. v. Burrough–Uerling–Brasuell Consulting Eng'rs, Inc.,* 275 Ark. 135, 628 S.W.2d 9 (1982)). Further, we have pointed out that the damages prayed for are a factor in determining the true character of a claim. *Id.* In *Bankston,* the complaint alleged that the school district had installed a defective septic tank. *Id.* Although the complaint mentioned that the defect permitted the leakage of sewage, the prayer for relief sought damages only for the cost of correcting the defect and not for damages occasioned by the leak. *Id.* Because the

complaint sought enforcement of a promise and not the redress of injury, we determined that the complaint sounded in contract not tort. *Id.*

In *L.L. Cole & Son, Inc. v. Hickman,* we observed that, generally speaking, a breach of contract is not treated as a tort if it merely consists of a failure to act (nonfeasance), as distinguished from an affirmatively wrongful act (misfeasance). 282 Ark. 6, 665 S.W.2d 278 (1984). We noted a tendency to extend tort liability for misfeasance whenever the misconduct involves a foreseeable and unreasonable risk of harm to the plaintiff's interest. *Id.* Thereafter, in *Westark Specialties Inc. v. Stouffer Family Ltd.,* 310 Ark. 225, 836 S.W.2d 354 (1992), we applied this test and reached the conclusion that a tenant could bring a negligence action ⌐9 against a landlord who failed to maintain a sprinkler system that caused flooding and damage to the tenant's inventory. We stated that water damage from a poorly maintained sprinkler system was obviously foreseeable and involved an unreasonable risk of harm, ultimately concluding that the tenant's claims sounded in tort, even though the requirement to maintain the facilities was noted in the parties' lease agreement. *Id.*

In applying those legal principles to the instant case, we are convinced that the circuit court erred in denying the City's motion for summary judgment with regard to statutory immunity. The Jenkinses' complaint alleges that, within seven months' time, the Jenkinses experienced three separate instances where there was a washout on their property and that they discovered on the third instance that the washouts were due to a damaged culvert disrupting proper water drainage. The complaint asserts that the City, "unbeknownst to [the Jenkinses], had erected a sewer line across [the] property without compensation and in the process of erect-

ing said sewer line," damaged the culvert. The Jenkinses ask for damages to repair the property and damages for the loss of value of the property.

At no point does the complaint mention a contract between the parties, much less allege a breach of that contract. Although the circuit court found that there were genuine issues of material fact as to whether the Jenkinses had given the City an easement to install sewer and water lines on the property, whether that easement was ever accepted by the City, and whether the Jenkinses were ever compensated for that easement, the pleadings do not reflect that the Jenkinses ever attempted to recover for breach of that easement. Rather, the complaint alleges that while installing an extension sewer line without notice or compensation to the Jenkinses, the City damaged the Jenkinses' culvert resulting in washouts on the property. At most, the complaint alleges claims for negligence and inverse condemnation.[4] In fact, the easement issue was raised by the City as a defense to the inverse-condemnation claim; it was not asserted by the Jenkinses as a claim for recovery, and they never amended their pleadings to add a claim for breach of contract. We therefore hold that the circuit court erred in finding that the Jenkinses' claim sounded in contract rather than tort.

Moreover, there is no genuine issue of material fact in dispute as to whether the City is entitled to immunity on the tort claim. Arkansas Code Annotated section 21-9-301(a) grants immunity "except to the extent that [the City] may be covered by liability insurance." The City's proof—the mayor's affidavit—is sufficient to establish that the City does not have insur-

ance coverage to provide coverage for the Jenkinses' claims, irrespective of the time periods alleged. The Jenkinses failed to meet "proof with proof" on this issue. Therefore, because the City put forth proof that it did not have insurance coverage for the tort claim alleged by the Jenkinses, it is entitled to statutory immunity as to the tort cause of action. *See* Ark. Code Ann. § 21-9-301(a).

Because the circuit court erred in denying the City's motion for summary judgment as to statutory immunity, we reverse. The City is entitled to immunity as to the tort claim alleged by the Jenkinses. We remand this case for further proceedings not inconsistent with our decision.

Reversed and remanded.

BAKER and HART, JJ., dissent.

JOSEPHINE LINKER HART, Justice, dissenting.

The majority reverses a ruling that the circuit court did not make and addresses issues not properly before this court. Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil allows an interlocutory appeal from an "order denying . . . summary judgment based on the defense of sovereign immunity." Here, the circuit court denied the City of Malvern's motion for summary judgment, finding that "the question of fact as to whether [Malvern] fulfilled its obligations under the terms and conditions of the written easement is a matter of contract, not of tort, and therefore not barred by the immunity statute." It is evident that the court did not deny Malvern's motion for summary judgment based on a defense of sovereign immunity to tort. Instead, the court ruled that there were questions of fact sounding

---

4. Inverse condemnation is a cause of action against a government entity to recover the value of property that has been taken in fact by that entity although not through eminent domain procedures. *Robinson v. City of Ashdown*, 301 Ark. 226, 783 S.W.2d 53 (1990).

in contract to be tried. Consequently, there was no ruling on tort immunity, and the appeal should be dismissed. *Arkansas Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, at 5–6, 386 S.W.3d 400, 403–04. By addressing the issues raised by Malvern, the majority exceeds the bounds of Rule 2(a)(10) and renders an opinion that is advisory.

BAKER, J., joins.