SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-595

| | |
|---|---|
| | **Opinion Delivered** May 20, 2015 |
| DOROTHY WILLIAMS | |
| APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CV-2012-214] |
| V. | |
| ROGER PATE, TOMMY RAMSEY, AARON RUSSELL, JERROD WILLIAMS, TONY MARSH, JIM MARSH, and THE PANGBURN SCHOOL DISTRICT | HONORABLE THOMAS HUGHES, JUDGE |
| APPELLEES | AFFIRMED |

**M. MICHAEL KINARD, Judge**

Appellant Dorothy Williams appeals from the trial court's order granting summary judgment to appellees, Pangburn School District and its employees and agents. Williams argues that the trial court erred in finding that appellees were entitled to qualified immunity. We affirm.

In 2008, Pangburn School District (PSD) acquired property owned by Dwight and Lura Fouse, which was located adjacent to property owned by Williams. In the spring of 2009, appellees cut trees from the property they believed had been acquired from the Fouses. A survey conducted in 2010 revealed that the trees were cut from Williams's property. Williams filed suit against appellees for trespass, conversion, and felony tort. She alleged that appellees had unlawfully entered upon her property, cut or destroyed six trees, and damaged her land. Williams contended that appellees had not had the land surveyed prior to entry and

did not rely in good faith on any established borders. She claimed that appellees had no probable cause to believe the property was their own and that their acts were done knowingly, willfully, maliciously, and in deliberate indifference to her property rights.

Appellees filed an answer asserting the affirmative defense of qualified immunity. Appellees later filed a motion for summary judgment on this basis, alleging that, as a public school district and its employees and agents, they were immune from Williams's claims pursuant to Arkansas Code Annotated section 21-9-301 (Supp. 2013). In support of their motion, appellees filed, among other items, the affidavits of Jerrod Williams, Roger Pate, and Dwight Fouse.

The proof offered in the affidavits established that for years the Fouses had openly possessed and used as their own the tract of land where the trees had been located, which was east of a line of bushes next to a storage shed. In April 2006, PSD was cleaning out a ditch that ran along the roadway next to the school gym, the tract used by the Fouses, and Williams's property. Williams asked Roger Pate, the director of maintenance and transportation for PSD, not to clear any trees from her property, and he did not. Williams also discussed with Pate the location of her east boundary line, which adjoined property believed to be owned by the Fouses. Dwight Fouse joined the conversation. Williams told Pate, in the presence of Fouse, that her east property line was located along a row of bushes behind a storage shed on the east side of her house. Fouse agreed in the presence of Williams and Pate that the location of the property line was along the row of bushes. Fouse had no objection to PSD cleaning out the ditch along his property, and Williams was satisfied with

the work.

In 2008, PSD acquired several tracts of property for the expansion of school facilities, including the Fouse property, and in 2009, PSD began clearing these properties. PSD believed that the property line had been established and agreed upon as being along the row of bushes. As part of the planning for the school-improvement projects, a survey was completed in 2010, which revealed that Williams owned the tract from which the trees had been cut. PSD contacted Williams to explain what the survey reflected and that PSD had mistakenly believed the trees were on its property. Appellees argued that their mistaken belief resulted in a negligent act for which they are immune.

Williams filed a response to the motion for summary judgment along with her deposition and an affidavit from Fouse. She asserted that she had given permission to Fouse to use her property because he did not have a front yard; that she never had a conversation with Pate and Fouse regarding her boundary line; and that neither she nor Fouse ever gave PSD authority to remove any trees. Williams said that she saw appellees splitting the trees after they had been cut down and that months later, PSD used machinery that further damaged her property. Tony Marsh later apologized to her for cutting the trees and said he would not have done it if he had known it was her land. Williams argued that appellees had committed intentional torts, for which there is no immunity. She claimed that appellees' failure to complete a survey before cutting the trees made them liable for trespass.

After a hearing, the trial court granted the motion for summary judgment. The trial court determined that Williams had failed to offer proof that appellees had any knowledge

3

SLIP OPINION

at the time the trees were cut that they were violating Williams's property rights, and at worst, appellees' conduct was negligent. Thus, appellees were entitled to qualified immunity pursuant to section 21-9-301.

Our law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *City of Malvern v. Jenkins*, 2013 Ark. 24, 425 S.W.3d 711. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id*. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id*. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id*. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id*.

The issue of whether a party is immune from suit is purely a question of law and is reviewed de novo. *City of Fayetteville v. Romine*, 373 Ark. 318, 284 S.W.3d 10 (2008). Arkansas Code Annotated section 21-9-301 provides as follows:

> (a) It is declared to be the public policy of the State of Arkansas that all . . . school districts . . . shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.[1]

---

[1]Appellees provided evidence with their motion for summary judgment that they were not covered by liability insurance for the claims in this case, and Williams did not dispute this proof.

(b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

The supreme court has consistently held that section 21–9–301 provides immunity from civil liability for negligent acts, but not for intentional acts. *Fayetteville*, *supra*.

Williams argues that she sued appellees for the intentional tort of trespass, for which there is no immunity. She notes that appellees failed to have the property surveyed before they cut the trees, which she contends was required by Arkansas Code Annotated section 15–32–101 (Repl. 2009). Appellees argue that their trespass was not intentional because they had a reasonable belief that the trees they cut were on PSD property. We find appellees' argument more convincing. While the tort of trespass may be categorized as an "intentional" tort, an analysis of the application of qualified immunity does not stop with that determination. Simply because an actor's conduct satisfies the type of intent necessary to establish the tort of trespass, it does not follow that the same conduct is necessarily an intentional act that bars application of the doctrine of qualified immunity.

In *Passmore v. Hinchey*, 2010 Ark. App. 581, 379 S.W.3d 497, this court considered whether the trial court abused its discretion in granting a county judge's motion to dismiss based on qualified immunity under section 21–9–301. Passmore filed suit against the county judge and his employees and agents, alleging that they had been trespassing on his private road for months and had ignored his requests to stop. He alleged that they had continued to travel across his property despite being notified under Arkansas Code Annotated section 5–39–304 that any such use of the property would be treated as a criminal trespass. This court held that the allegation in Passmore's complaint was for an intentional trespass, noting

that Passmore immediately told appellees to cease their use of his road and then filed a notice of criminal trespass; thus, appellees were not immune. The conduct at issue in *Passmore* was clearly deliberate and with knowledge that the property owner was claiming trespass.

In *City of Alexander v. Doss*, 102 Ark. App. 232, 284 S.W.3d 74 (2008), however, this court noted that an action for trespass based on erosion of property resulting from the city's failure to properly maintain a drainage ditch would have been barred by qualified immunity. Unlike the conduct in *Passmore*, the conduct in *Alexander* was not deliberate, and the alleged trespasser had no knowledge that the property owner regarded it as trespass. Intentional torts involve consequences which the actor believes are substantially certain to follow his actions. *Baptist Health v. Murphy*, 365 Ark. 115, 226 S.W.3d 800 (2006). We conclude that it is a deliberate, knowing trespass that bars application of the doctrine of qualified immunity.

Here, appellees denied in their affidavits any knowledge that they were trespassing on Williams's property. There is no evidence that she objected to the trespass while it was occurring. In fact, it appears that Williams objected only after PSD had a survey done and informed her of its error. She asserts that appellees deliberately failed to conduct a survey so that they could claim ignorance later, but she offered no proof to support this allegation. Although the violation of statutes may be considered evidence of negligence, *Young v. Blytheville School District*, 2013 Ark. App. 50, 425 S.W.3d 865, Williams's proof failed to show that appellees trespassed on her property deliberately and with knowledge that they were doing so.

In *Brown v. Fountain Hill School District*, 67 Ark. App. 358, 1 S.W.3d 27 (1999), Brown filed suit alleging the tort of outrage, and the trial court granted summary judgment to the school district. This court held that Brown's complaint did not plead facts supporting its allegations that the school district's conduct was outrageous, and the facts showed the alleged conduct amounted to negligence. Because the claim was based upon the theory of negligence, the suit was barred by qualified immunity. Here, although Williams sufficiently pled a claim for trespass, the proof did not support her allegations that appellees knowingly trespassed.

Williams also contends that the trial court disregarded her proof and relied on appellees' proof regarding the alleged conversation about the boundary line. She points to the trial court's discussion of this issue at the hearing; however, as appellees point out, the court stated that it "can't conclude one way or the other" that the conversation took place. Even when viewing the evidence in the light most favorable to the party against whom the motion was filed and resolving all doubts and inferences against the moving party, as we must, we conclude that Williams offered insufficient proof to rebut the proof that appellees negligently trespassed onto her property.

Under these facts, we hold that summary judgment was proper.

Affirmed.

GLOVER and HIXSON, JJ., agree.

Cite as 2015 Ark. App. 327

*The Henry Law Firm, P.A.*, by: *Matthew Henry*, for appellant.

*Lightle, Raney, Streit & Streit, LLP*, by: *Donald P. Raney*, for appellees.