Cite as 2017 Ark. 18

# SUPREME COURT OF ARKANSAS

**No.** CV–15–1057

CITY OF LITTLE ROCK, ARKANSAS;
STUART THOMAS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
LITTLE ROCK; WAYNE BEWLEY,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS ASSISTANT CHIEF OF
POLICE FOR THE CITY OF LITTLE
ROCK; LAURA MARTIN,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS COMMUNICATIONS
CENTER MANAGER FOR THE CITY
OF LITTLE ROCK; LINDA WILSON,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS COMMUNICATIONS
ADMINISTRATOR FOR THE CITY OF
LITTLE ROCK; SHARON MARTIN, IN
HER OFFICIAL CAPACITY AS SHIFT
SUPERVISOR FOR THE CITY OF
LITTLE ROCK; ALAN CATE,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS COMMUNICATIONS
SHIFT SUPERVISOR FOR THE CITY
OF LITTLE ROCK; MARQUITA
DOOLEY, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS EMERGENCY
COMMUNICATIONS TRAINER FOR
THE CITY OF LITTLE ROCK;
CANDACE MIDDLETON,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS COMMUNICATIONS
CALL TAKER FOR THE CITY OF
LITTLE ROCK; KAREN GRIMM,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS COMMUNICATIONS
SYSTEM SPECIALIST FOR THE CITY
OF LITTLE ROCK; GREGORY L.
SUMMERS, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS FIRE

**Opinion Delivered:** February 9, 2017

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT,
SIXTH DIVISION
[NO. 60-CV-13-3115]

HONORABLE TIMOTHY DAVIS
FOX, JUDGE

AFFIRMED IN PART; REVERSED AND
REMANDED IN PART.

CHIEF FOR THE CITY OF LITTLE ROCK; ROBERT SHARP, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FIRE CAPTAIN FOR THE CITY OF LITTLE ROCK; FRANK SCOTT AND EDDIE RHINE, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS FIREFIGHTERS FOR THE CITY OF LITTLE ROCK; AND LITTLE ROCK AMBULANCE AUTHORITY D/B/A METROPOLITAN EMERGENCY MEDICAL SERVICES

APPELLANTS

V.

DAYONG YANG, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF LE YANG, DECEASED

APPELLEE

**JOSEPHINE LINKER HART, Associate Justice**

The question raised in this appeal is whether the appellants, the City of Little Rock, Arkansas (the "City"), its employees, and Little Rock Ambulance Authority, doing business as Metropolitan Emergency Medical Services ("MEMS"), may assert the affirmative defense of statutory immunity provided for by Arkansas Code Annotated § 21-9-301 (Supp. 2015), in the lawsuit filed by Dayong Yang, as special administrator of the estate of his deceased child, Le Yang. At issue is whether, in view of the evidence presented by the parties regarding insurance coverage, the circuit court properly denied summary judgment on Yang's negligence claims against appellants. We affirm in part and reverse and remand in part.

In his third amended complaint and petition for declaratory judgment, Yang sued the appellants for the alleged mishandling of a 911 call by an employee of the City, Candace Middleton, that had been made by Yang's wife, Jinglei Yi, on January 14, 2013, seeking rescue services when Yi lost control of her vehicle and drove into a retaining pond. Dayong Yang alleged in his complaint that Le Yang died of pneumonia complicated by the anoxic encephalopathy that occurred in the near-drowning event. In his complaint, Yang made several claims of negligence. In their answer, the City and its employees asserted as an affirmative defense that it was entitled to the statutory immunity provided for in Arkansas Code Annotated § 21-9-301. MEMS, which is an emergency medical health-care facilities board created by the City, filed a motion to dismiss asserting that as part of the City, it is also entitled to statutory immunity. In his response to MEMS's motion to dismiss, Yang attached insurance policies showing that MEMS held a commercial general liability policy with a limit of $1 million and a commercial-liability umbrella policy with a limit of $2 million.

The City and its employees filed a motion for summary judgment, again asserting that it was entitled to statutory immunity on Yang's negligence claims against them. At the hearing on the motion MEMS orally moved to join the motion. While granting summary judgment on some claims, in its order the circuit court denied summary judgment on Yang's negligence claims against the City and against the employees in their official capacities only. In denying summary judgment, the circuit court concluded, "As questions of fact remain on these claims, they should proceed to trial." The circuit court also noted that during the hearing, MEMS had adopted the City's "municipal immunity argument regarding Yang's

negligence claims against it." The circuit court denied summary judgment on "Yang's negligence claims against MEMS on all claims not covered by insurance." The circuit court again concluded, "As questions of fact remain on these claims, they should proceed to trial." This interlocutory appeal followed.

This court has jurisdiction to hear the statutory-immunity issue pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil, which provides that "[a]n order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official" is an appealable order. Where the refusal to grant a summary-judgment motion has the effect of determining that the appellant is not entitled to immunity from suit, an interlocutory appeal is permitted because the right of immunity from suit is effectively lost if a case goes to trial. *City of Malvern v. Jenkins*, 2013 Ark. 24, at 6, 425 S.W.3d 711, 715. However, we do not hear on appeal any issue other than whether the circuit court erred in denying summary judgment on the issue of immunity. *Id.*, 425 S.W.3d at 715. The issue of whether a party is immune from suit is purely a question of law and is reviewed de novo on appeal. *City of Fayetteville v. Romine*, 373 Ark. 318, 321, 284 S.W.3d 10, 13 (2008).

Statutory immunity is set out in Arkansas Code Annotated section 21-9-301, which provides as follows:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.
> (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees

Thus, Arkansas Code Annotated section 21-9-301 grants immunity to the City, its employees, and MEMS, except to the extent that they may be covered by liability insurance. *Repking v. Lokey*, 2010 Ark. 356, at 11, 377 S.W.3d 211, 220. This provision protects employees against suits in their official and individual capacities. *Blevins v. Hudson*, 2016 Ark. 150, at 6, 489 S.W.3d 165, 169. However, when a defendant pleads an affirmative defense of immunity, that defendant must plead and prove no liability coverage under this section for purposes of summary judgment. *Repking*, 2010 Ark. 356, at 12, 377 S.W.3d at 220.

On appeal, the City argues that the circuit court erred in denying summary judgment on the claims of negligent hiring, negligent training, negligent supervision, negligent retention, negligent maintenance of the CAD system, negligent staffing, and negligent performing of rescue services. The City argues that the circuit court erred in failing to grant summary judgment on these negligence claims based on their statutory immunity provided pursuant to Arkansas Code Annotated § 21-9-301.

In response, Yang contends that the statutory immunity granted to the appellants is not absolute because they can be sued to the extent that applicable coverage exists under an insurance policy. Yang argues that this statutory immunity is an affirmative defense that must be specifically pled and proven and that the appellants were required to present evidence of liability insurance, or a lack thereof. Yang concludes that because there is no proof of insurance in the record, the City and its employees are not entitled to summary judgment because a genuine issue of fact exists on whether the City has insurance to cover its negligent acts. As for MEMS, Yang asserts that there is proof of insurance and argues that MEMS is

not immune to the extent that it had insurance coverage. However, Yang contends that "the record is devoid of proof, affidavit or otherwise, that MEMS does not have additional policies of insurance," and therefore, MEMS "is not entitled to summary judgment because a genuine issue of fact exists on the extent of MEMS's insurance coverage."

In reply, the appellants note that in paragraph 163 of his initial complaint, Yang asserted that upon his "information and belief, the City of LR does not have liability insurance coverage for its negligent acts." The appellants further note that, in their initial answer, they responded that the "City essentially admits the allegations contained in paragraph 163 of the Complaint." The City concludes that, by admission to an averment, there is evidence in the record that the City did not have liability insurance. Further, the City notes that Yang has never produced evidence to the contrary. Thus, the City argues that because it admitted that it did not have liability insurance, the record is not silent on the issue of insurance. Further, as to MEMS, appellants argue that the circuit court should have dismissed MEMS to the extent of any liability beyond the range of its insurance coverage. The appellants argue that when the record contains the required information, there is not a further burden to continue to prove a negative.

We hold that the circuit court properly denied the City and its employees summary judgment on the negligence claims raised by Yang. As this court has noted in *Repking*, when a defendant pleads an affirmative defense of immunity, that defendant must plead and prove no liability coverage under Arkansas Code Annotated § 21-9-301 for purposes of summary judgment. While the City and its employees note the averment in Yang's initial complaint and their admission in their initial answer, these pleadings were superseded by the third

amended complaint and the answer to that complaint. An amended complaint, unless it adopts and incorporates the original complaint, supersedes the original complaint. *McMullen v. McHughes Law Firm*, 2015 Ark. 15, at 11, 454 S.W.3d 200, 207. Here, neither the third amended complaint nor the answer to the third amended complaint incorporated previous pleadings. Thus, the record is devoid of proof of liability coverage for the City and its employees. It was incumbent upon them, and not Yang, to plead and prove that it was entitled to that immunity due to a lack of insurance. Accordingly, the City and its employees have not shown that they are entitled to assert this affirmative defense. We affirm the circuit court on this issue.

As for MEMS, the circuit court denied summary judgment on "Yang's negligence claims against MEMS on all claims not covered by insurance." Here, Yang placed in the record two insurance policies as evidence of MEMS's insurance coverage. The policies submitted by Yang established facts that MEMS did not dispute, thus leaving only a matter of statutory interpretation. *See, e.g.*, *Rose v. Harbor E., Inc.*, 2013 Ark. 496, at 5, 430 S.W.3d 773, 777. Thus, it was error for the circuit court to deny MEMS's summary judgment for statutory immunity beyond its insurance coverage. We reverse the circuit court's decision.

Affirmed in part; reversed and remanded in part.

WOOD and WOMACK, JJ., concur in part and dissent in part.

**RHONDA K. WOOD, Justice, concurring in part and dissenting in part.** I agree with the majority opinion to the extent that it affirms the denial of the City of Little Rock's motion for summary judgment. However, I would also affirm the denial of summary

SLIP OPINION

judgment related to MEMS, as we should hold both entities to the same standard. Accordingly, I concur in part and dissent in part.

All municipalities are immune from liability and suit "except to the extent that they may be covered by liability insurance." Ark. Code Ann. § 21-9-301(a) (Repl. 2016). We have stated that this immunity is qualified, and an employee or district can be sued to the extent that insurance coverage exists. *Carter v. Bush*, 296 Ark. 261, 753 S.W.2d 534 (1998). According to our caselaw, this immunity is "an affirmative defense that must be specifically pled and proven in order to be considered by the circuit court." *Vent v. Johnson*, 2009 Ark. 92, at 14, 303 S.W.3d 46, 53. When moving for summary judgment, a party seeking application of statutory immunity has the burden to show immunity from suit. *E.g.*, *Helena-W. Helena Sch. Dist. v. Monday*, 361 Ark. 82, 87, 204 S.W.3d 514, 518 (2005). So if an entity argues that its insurance policy does not apply to the particular situation at issue, "it has the burden to make the insurance policy a part of the record." *Id.* at 87, 204 S.W.2d at 518. The record must therefore demonstrate that no liability insurance covers the party seeking immunity. *Waire v. Joseph*, 308 Ark. 528, 825 S.W.2d 594 (1992).

The question whether the City of Little Rock and MEMS are entitled to summary judgment on the immunity question boils down to an issue of proof. I agree with the majority that the City failed to present proof on this point. But MEMS failed on this point as well. MEMS never actually filed a motion for summary judgment. Instead, at the hearing, MEMS merely stated it was orally adopting the City's motion. Like the City, MEMS failed to present the circuit court with any insurance policies or an affidavit regarding the extent of its coverage.

On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items *presented by the moving party* in support of its motion leave a material fact unanswered. *Harris v. City of Fort Smith*, 359 Ark. 355, 197 S.W.3d 461 (2004). The majority states, "It was incumbent upon [the City], and not Yang, to plead and prove that it was entitled to immunity due to a lack of insurance." This burden was incumbent on MEMS too, and I would hold MEMS to the same standard that the majority has applied to the City. Instead, the majority holds that two insurance policies Yang attached to its response to MEMS's motion to dismiss were sufficient proof of insurance to meet MEMS's burden on summary judgment. This is error because MEMS did not present these as part of its limited, oral request to join the City's motion. It remains a question of fact whether the policies Yang attached are MEMS's only insurance policies and whether the policies covered the occurrence in this case.

In short, MEMS was not entitled to summary judgment because it failed to present any evidentiary items regarding the immunity issue when it orally adopted the City's motion for summary judgment. I would accordingly affirm the circuit court's entire order.

WOMACK, J., joins.

*Friday, Eldredge & Clark, LLP*, by: *Edie R. Ervin*, for appellant MEMS.
*Thomas M. Carpenter*, Office of the City Attorney, for appellant City of Little Rock.

*McMath Woods, P.A.*, by: *Bruce McMath*, *Charles Harrison*, and *Carter C. Stein*, for appellee.