RHONDA K. WOOD, Associate Justice | Ronnie Williams and Patience Bartu-nek, in their official capacities as employees of Arkansas State University, bring this interlocutory appeal under Rule 2(a)(10) .of the Arkansas Rules of Appellate Procedure-Civil from an order denying their motion to dismiss. Appellants assert that Kia McCoy’s complaint is barred by sovereign immunity. We reverse and remand in part and dismiss in part. ■ In her complaint, McCoy alleges that she was an Arkansas State University (“University”) nursing student from Au-gúst 2014 until May 2015. In September 2015, McCoy took and passed a re-entry exam. Shortly after she passed the exam, McCoy contends she received an email from the “Misconduct Department” stating that she had violated school policy. A subsequent letter to McCoy stated that she “failfed] to comply.” McCoy later learned that the University had found photographs of her quiz on another Ustudent’s phone. She was accused of taking the photographs and sending them to another student. Following a hearing, McCoy was suspended from the University until August 2016. She appealed her suspension, but Williams denied the appeal. Thereafter, McCoy’s attorney submitted a Freedom of Information Act (“FOIA”) request to the University. The University denied the request until McCoy completed a consent to release the requested documents. In her complaint, McCoy asserted that appellants denied her due process under the Arkansas Constitution and violated FOIA. She petitioned for declaratory judgment, an injunction clearing her name, and an order reinstating her to the nursing program at the University. Appellants filed a motion to dismiss. They argued the complaint was barred by the doctrine of sovereign immunity because McCoy did not state a cognizable due-process violation. They also argued the FOIA claim failed as a matter of law because the educational records McCoy requested are shielded from disclosure under Ark. Code Ann. § 25-19-105(b)(2) (Supp. 2017). The circuit court denied the motion to dismiss, and this appealed followed. On reviewing the denial of the motion to dismiss on sovereign-immunity grounds, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. Johnson v. Butler, 2016 Ark. 253, 494 S.W.3d 412. We also resolve all reasonable inferences in favor of the complaint and construe the pleadings liberally. Id. Because our rules require fact pleading, the complaint must state facts, not mere conclusions, to entitle the pleader to relief. Id. Our standard of review for the denial |sof a motion to dismiss is whether the circuit court abused its discretion. Ark. State Claims Comm’n v. Duit Constr. Co., Inc., 2014 Ark. 432, 445 S.W.3d 496. Sovereign immunity is immunity from suit. Id. It arises from article 5, section 20 of the Arkansas Constitution, which provides, “The State of Arkansas shall never be made a defendant in any of her courts.” We have extended sovereign immunity to state agencies and state employees sued in their official capacities. Ark. Dep’t of Human Servs. v. Fort Smith Sch. Dist., 2015 Ark. 81, 455 S.W.3d 294. In determining whether the doctrine of sovereign immunity applies, the court must decide whether a judgment for the plaintiff will operate to control the action of the State or subject it to liability. Bd. of Trs. v. Burcham, 2014 Ark. 61, 2014 WL 585981. In the past, we have recognized an exception to the defense of sovereign immunity when the State is acting illegally, unconstitutionally, or if a state-agency officer refuses to do a purely ministerial action required by statute.[1] Duit, 2014 Ark. 432, at 7, 445 S.W.3d at 502. Here, appellants assert that McCoy faded to plead sufficient facts to demonstrate an unconstitutional act that would avoid application of sovereign immunity. A complaint alleging illegal and unconstitutional acts by the State as an exception to the sovereign immunity doctrine must comply with our fact-pleading rules. Id. In her complaint, McCoy alleges that appellants denied her specific details of the charges against her, the right to confront her accuser, and sufficient time to review the evidence against |4her, resulting in a due-process violation. While a student is entitled to notice and a hearing, a “full dress judicial hearing is not required.” Henderson State Univ. v. Spadoni, 41 Ark. App. 33, 36, 848 S.W.2d 951, 953 (1993); see also Goss v. Lopez, 419 U.S. 565, 578, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); Dixon v. Ala. State Bd. of Educ., 294 F.2d 150 (5th Cir. 1961). In Goss, the Supreme Court stated that it did not construe due process to require students the opportunity to secure counsel, confront witnesses, or to call their own witnesses. Goss, 419 U.S. at 583, 95 S.Ct. 729. Arkansas has followed the reasoning of Goss. See, e.g., Spadoni, 41 Ark. App. 33, 848 S.W.2d 951 (1993). McCoy’s complaint fails to plead facts that, if proven, would demonstrate a due process violation that she can argue was an illegal or unconstitutional act sufficient to avoid sovereign immunity. The complaint concedes that McCoy was given notice of the charges and afforded a hearing. It states that she was notified of the violation of “failure to comply” via email and later by letter. The complaint also indicates that hearings were held, that she appealed from the imposed sanction, and that Williams denied her appeal. Furthermore, although McCoy attaches the University handbook to her complaint, she does not identify with specificity how appellants failed to comply with those policies. While she points to page 22 of the handbook and states that her case “was supposed to be heard by a Committee,” she later concedes that the hearings were held. “The mere statement that it is so, without factual support, simply fails to comport with our fact-pleading requirements.” Duit, 2014 Ark. 432, at 8, 445 S.W.3d at 503. Therefore, taking the facts alleged in McCoy’s complaint as true and viewing them in the light most favorable to' her, we cannot say that it states sufficient facts to support a due-process violation. Consequently, the exception to the sovereign-immunity doctrine for unconstitutional acts is not applicable, |sand her due-process claim is barred by sovereign immunity. We therefore reverse the circuit court’s denial of appellants’ motion to dismiss McCoy’s due-process claims and remand for entry of an order consistent with this opinion. Next, at the circuit court, appellants alleged that McCoy’s FOIA claim failed based on sovéreign immunity. On appeal, they cite no legal support in support of a sovereign immunity defense, which is the only issue we have jurisdiction to review on this 'interlocutory appeal. They instead have shaped their argument to state that as a matter of law the educational records that she requested from the University are exempt from disclosure under Ark. Code Ann. § 25-19-105(b)(2). We therefore dismiss this claim for lack of appellate jurisdiction. Rule 2 does not authorize an interlocutory appeal from the denial of a motion to dismiss generally. It allows an interlocutory appeal of a circuit court’s denial of a motion to dismiss under Rule 2(a)(10) based on sovereign immunity. However, we do not hear on interlocutory appeal any issue other than whether the circuit court erred in denying summary judgment on the issue of sovereign immunity. See City of Little Rock v. Dayong Yang, 2017 Ark. 18, 509 S.W.3d 632; City of Malvern v. Jenkins, 2013 Ark. 24, 425 S.W.3d 711. Because before us appellants’ argument — that McCoy’s FOIA claim fails and should be dismissed under Arkansas Rule of Civil Procedure 12(b)(6) — does not implicate sovereign immunity, we dismiss this issue on appeal. Accordingly, the circuit court erred in part in denying appellant’s motion to dismiss; McCoy has failed to assert a due-process violation; therefore, no-exception to sovereign immunity exists and this suit is barred by the doctrine of sovereign immunity as set forth in article 5, section 20, of the Arkansas Constitution. We reverse and remand on this issue. | Jn addition, we dismiss appellants’ appeal on the FOIA claim because it is an improper interlocutory appeal. Reversed and remanded in part and dismissed in part. Baker and Goodson, JJ,, concur. Hart, J., concurs in part and dissents in part. . We recently held in Andrews that a legislative statute that waives sovereign immunity is unconstitutional. Bd. of Trs. v. Andrews, 2018 Ark. 12, — S.W.3d -. While we are mindful that there may in the future be a constitutional challenge to the illegal acts exception, that issue was not argued in this case; therefore, we do not address it here.