Cite as 2026 Ark. App. 165

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-25-126

|  |  |
|---|---|
| | Opinion Delivered March 11, 2026 |
| GARY BRINKLEY, AS CITY MANAGER OF THE CITY OF ARKADELPHIA; AND THE CITY OF ARKADELPHIA<br>APPELLANTS | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CV-23-115] |
| V. | HONORABLE BLAKE BATSON, JUDGE |
| BRANDON AND KORTNI BEENE<br>APPELLEES | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## N. MARK KLAPPENBACH, Chief Judge

The City of Arkadelphia and City Manager Gary Brinkley (collectively "the City")
appeal from the order of the Clark County Circuit Court denying the City's motion for
summary judgment in which it claimed governmental immunity. We affirm in part and
reverse and remand in part.

Kortni and Brandon Beene filed a complaint for declaratory judgment against the
City and several nongovernment defendants.[1] The Beenes alleged that they discovered the
defendants using an excavator on their property, a 3.3-acre empty lot, with the intent to place
a water line for a nearby housing development. The defendants told the Beenes that their

---

[1]The other defendants were Mill Creek Investors Group, LLC; Good Ole Boys
Holding Co., LLC; and Precision Excavating, LLC. They are not parties to this appeal.

actions were authorized by an easement, but the Beenes requested that the work stop until the easement was produced. The Beenes alleged that the defendants left but returned the following day and completed the work without producing a valid easement. The Beenes' complaint requested declarations that the City did not have an easement and that the defendants had trespassed, had unlawfully taken the Beenes' property without just compensation, and had been unjustly enriched.

The City timely answered the complaint, denying any wrongdoing and asserting various affirmative defenses, including tort immunity. Following discovery, the City filed a motion for summary judgment on numerous grounds. The City argued, in part, that (1) the only proper issue for declaratory relief was the existence of an easement; (2) the City has an easement by estoppel; (3) the City has a prescriptive easement; (4) the City's work was done entirely within Clark County's right-of-way; (5) the City is entitled to tort immunity pursuant to Arkansas Code Annotated section 21-9-301 (Repl. 2022); and (6) the Beenes cannot establish that they are entitled to relief for trespass and inverse condemnation. In response, the Beenes disputed the existence of an easement and disputed that the City was entitled to immunity. The circuit court denied the City's motion for summary judgment without specifying a reason. After the City requested that the circuit court enter an order expressly addressing the issue of immunity, the circuit court entered an order denying summary judgment based on immunity. The City has appealed from this order.

Pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil, we have jurisdiction to consider the statutory-immunity issue. *City of McCrory v. Wilson*, 2022

2

Ark. App. 200, 644 S.W.3d 823.  However, we lack jurisdiction at this time to hear on appeal any issue other than whether the circuit court erred in denying summary judgment on the basis of immunity.  *Id.*

Our law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law.  *Williams v. Pate*, 2015 Ark. App. 327, 463 S.W.3d 734.  Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.  *Id.*  On appellate review, we determine if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered.  *Id.*  We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.  *Id.*  Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties.  *Id.*

The City argues that it is entitled to immunity on claims for trespass and inverse condemnation pursuant to Arkansas Code Annotated section 21-9-301 (Repl. 2022), which provides as follows:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, law enforcement agencies for and certified law enforcement officers employed by a public or private institution of higher education, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

3

(b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

The supreme court has consistently held that this statute provides immunity from civil liability for negligent acts but not for intentional acts. *City of Fayetteville v. Romine*, 373 Ark. 318, 284 S.W.3d 10 (2008). The issue of whether a party is immune from suit is purely a question of law and is reviewed de novo. *Id.*

The City argues that instead of focusing on whether the tort is negligent or intentional, we should focus on the conduct of the actor and whether the actor acted in good faith. The City contends that because it had an easement, it acted in good faith, and its conduct could not be considered anything more than negligence. The City further claims that it is entitled to immunity because a private contractor, not the City's employee, performed the work. The Beenes argue that the City's actions went beyond mere negligence when the workers came back to the Beenes' property and finished the work after the Beenes had requested that the work cease until they could produce an easement.

We do not agree that the City's reliance on an act of good faith entitles it to immunity on a claim for inverse condemnation. Inverse condemnation is a cause of action against a governmental defendant to recover the value of property that has been taken in fact by a governmental entity, although not through eminent-domain procedures. *Robinson v. City of Ashdown*, 301 Ark. 226, 783 S.W.2d 53 (1990). "Fault" has nothing to do with eminent domain, and it is not bare trespass or negligence that results in inverse condemnation but something that amounts to a de facto or common law "taking." *Id.* When a municipality

4

acts in a manner that substantially diminishes the value of a landowner's land, and its actions are shown to be intentional, it cannot escape its constitutional obligation to compensate for a taking of property on the basis of its immunity from tort action. *Id.* Accordingly, while the City may have other defenses to an inverse-condemnation claim, we affirm the circuit court's denial of tort immunity on this claim.

Turning to trespass, we have held that although the tort of trespass may be categorized as an "intentional" tort, an analysis of the application of qualified immunity does not stop with that determination. *Williams, supra.* Simply because an actor's conduct satisfies the type of intent necessary to establish the tort of trespass, it does not follow that the same conduct is necessarily an intentional act that bars application of the doctrine of qualified immunity. *Id.* It is a deliberate, knowing trespass that bars application of the doctrine of qualified immunity. *Id.*

In *Passmore v. Hinchey*, 2010 Ark. App. 581, 379 S.W.3d 497, we reviewed a circuit court's decision on a motion to dismiss based on immunity, treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. The complaint in *Passmore* alleged an intentional and knowing trespass across a private road for which no easement or other right to use existed. We stated that the defendants admitted as much in their answer. Accordingly, we held that because the allegation in the complaint was for an intentional trespass, the defendants were not entitled to immunity. In *Williams, supra*, we reviewed the award of summary judgment based on immunity and held that the plaintiff's proof failed to show that the defendants trespassed on her property deliberately and with

5

knowledge that they were doing so. Accordingly, she failed to rebut the proof that the defendants' trespass was negligent, and they were entitled to tort immunity.

Here, as in *Williams*, the defendants argued that any trespass was not intentional because it was based on a reasonable belief that they were legally on the property. Although the Beenes dispute the existence and scope of any easement, their allegations and proof fail to rebut the City's proof that it was acting in reliance on an easement. Because the Beenes have failed to assert a claim of deliberate, knowing trespass and any trespass was based on negligent conduct, the City was entitled to immunity on this claim.

Affirmed in part; reversed and remanded in part.

TUCKER and HIXSON, JJ., agree.

*Sara Monaghan*, for appellants.

*Sexton Firm*, by: *Clayton B. Sexton*, for appellees.